FreemAN, J.,
delivered the opinion of the Court.
This is a case of contested election for office of Revenue Collector of LeKalb county, in the year 1868.
*379 ri?be only facts necessary to. be stated in this opinion, are: That plaintiff and defendant were both candidates for the office at the March election, 1868; that upon the returns, the Coroner gave Nick a certificate of election, he having received a majority of two votes, as appeared by return of the result, as made' by the officers holding the election. Thereupon, plaintiff, Blackburn, gave notice, which was duly served on- Nick, that on the 6th day of April, 1868, before the'_ County Court of DeKalb county, said notice specifying the grounds of the contest, he would contest said election. jOa said 6th day of April, Blackburn appeared before the County Court, and filed a paper, Avhich may be treated as the .pleading on which the contest was to be made, in which he resists the inducting of Vick into the office, and, for reasons therein stated, claims the office for himself. "We need not go into the sufficiency of the allegations .thus made, as the case must be decided here upon another question, perhaps the only one properly before us.
The defendant, Vick, filed various pleas, to which there were replications, and after this, demurrers, and various other proceedings, sufficient to involve the record in almost inextricable confusion.
Suffice it to say', that in the midst of the various pleas, demurrers, motions and exceptions, to the action of the Court upon these pleadings, the.Court proceeded to induct defendant, Vick, into- the office,’ by administering to him the oath of office, and taking bond as required by law. The record states, however, {“thát the Court reserves the question of the merits of the contest for further consideration.” To all of which plaintiff excepted.
*380 After various motions, and action on a demurrer, Blackburn was ordered to give security for costs by the next term of the court; the defendant was allowed to plead or answer within six days; and thereupon the cause was continued till next term of the County Court. Bond was given by Blackburn at the May Term, as required by the Court; and on the 6th day of May, the case seems to have been heard, and after argument of counsel, as the record states, "for want of time to consider of their verdict, the court adjourned” till next day. On that day the court met and gave a judgment, as follows: “It was ordered, adjudged, and decreed by the Court, that Eli "Vick was, on the first Saturday in March, duly and constitutionally elected to the office of Revenue Collector for DeKalb County, for the term of two years.” Judgment was rendered against Blackburn for costs, and thereupon Blackburn appealed to the Circuit Court.
This appeal came on to be heard in the Circuit Court - when, upon argument of the case, “the Court was of the opinion that the County Court had no jurisdiction of the contest,” and sustained the defendant’s motion to dismiss the appeal. The Court gave judgment against Blackburn for all costs, but afterward, on motion, retaxed the costs, and gave judgment for all costs “incident to the summons and attendance of witnesses in the Circuit Court, in behalf of defendant, Vick, against the said Vick, and plaintiff to pay all the balance of the costs in the Circuit Court, and all costs in the County Court.” To this judgment, dismissing the case for want of jurisdiction in the County Com't, plaintiff, Blackburn, ex- *381 copts,'and prays an appeal to this Court, .and also tenders exceptions to the taxation of the costs.
The simple question presented for our consideration, is, did the Circuit Court err in its judgment, dismissing the appeal for want of jurisdiction in the County Court?
We find no provision made for contesting the election of Revenue Collector, either by the Code, or by the act of 1859, c. 9, p. 6, providing for their election by the people, instead of by the County Court as was provided by the Code, 817, nor in any subsequent act of the Legislature. We must, then, cither, assume that no such contest was to be had by our law, or that some court had jurisdiction to try such contest. That such an election before the people is a proper subject of contest, we can not doubt. The office is one for which any qualified citizen may be a candidate, and the right to be a candidate necessarily involves the right to the office, if he be elected; and the right to assert, prove and maintain the right to the office, on such election; w'ould follow, as a matter of course. If, however, another party may take the office, regardless of the question of -who was in fact legally elected, then, unless his right thereto can be contested, and tried before the tribunals of the country, there is no remedy for the party who may have been really elected and entitled to the office. He has a right, but no remedy for its infringement.
What court has jurisdiction, in this case, to settle the question as to who was elected, and entitled to be inducted. into the office?
The act oí 1859, ch. 9, after providing, in sec. 1, that the election of this officer shall be “ by the qualified *382 voters” of the county, and he shall hold his office for two years from the date of his qualification, in sec. 4 enacts, “that the Revenue Collectors elected under the provisions of this act, shall, at the first County Court after their election, enter into bonds, take the oath, be subject to the penalties, etc., that are now provided by law in reference to Revenue Collectors, and have the same powers as Revenue Collectors now have to enforce the collection of revenue.” By this act, it is clearly made the duty of the County Court to induct the party elected Revenue Collector under this act into his office, administer the official oath, and take his bond as required by law. No other court having jurisdiction given it to try the question of who is elected, and the County Court being required only to induct into office, the Revenue Collectors elected, must if the question be contested, of necessity be the tribunal before whom the contest is to be made. The election of the applicant is the condition precedent to his induction into office. The County Court, being charged with the duty of inducting the party elected into office, must also have the right to investigate the question, and see if he has been “elected under the provisions of this act,” that is, by the “qualified voters of the county,” as provided in the first section of the act. ~We hold, then, that the County Court had jurisdiction to try this contest, and that the Circuit Judge dismissed the appeal improperly.
As no form is given for the proceeding in case of contested elections, we held, at Knoxville, in a late case, that the court before which the contest was held might regulate the practice in such cases, provided no fundamental *383 principle was violated; that the court should see that the party had his day in court, and due notice of the proceedings, and if the pleadings or allegations of the parties were not sufficient to present the questions involved, the court having jurisdiction of the cause should order such amendments as would present the matters before it for its adjudication. Boring v. Griffith, 1 Heis., 456.
Yre now add to the above, that, by analogy to the general rules of law, we hold that -the party making this contest should, after due notice to the opposite party, file in the court where the contest is to be made a clear statement of the grounds on which he proposes to contest the election of his opponent, so as to make an issue, or present the grounds for one, either of law or of fact; to which defendant should make his reply, either raising a question of law or of fact; which issues should be decided by the Court, either upon consideration of the question of law raised, if it be such, or of the proof in the case, if it be one of fact.
In this case, allegations, were presented by plaintiff, and answers filed to them by way of pleas, but we forbear to express an opinion on their sufficiency in law, as grounds on which the plaintiff may maintain his case, the question not being properly before us, under the facts of this case presented in the record.
The case was before the Circuit Court by appeal, to be tried de novo, and the Court should have seen that the proper issues were made, heard the evidence, and decided the rights of the claimants to the office in controversy.
*384 The judgment for costs complained of was given as tbe result of the judgment dismissing the case for want of jurisdiction. It follows that it was erroneous, if the Court improperly dismissed the case in the Circuit Court. We hold the Court erred in its judgment dismissing the appeal. Reverse the judgment, and remand the case to be tried in the Circuit Court, on the issues presented, or on such as may be presented, on proper amendments, if deemed necessary.