Conner *ex rel. v.* Conner.

A. B. CONNER *ex rel. v.* J. C. CONNER.

ELECTIONS. *Contested. Jurisdiction.* The validity of the election of a person to the office of sheriff, cannot be contested under title 11, ch. 8. of the Code. The jurisdiction belongs exclusively to the circuit court, under Code, sec. 889.
*Code cited:* Secs. 889, 3409–3423.

FROM HAMILTON.

Appeal from the Chancery Court. . D. M. KEY, Chancellor.

GASKILL & BURT and KEY & RICHMOND for complainant.

TREWHITT and VANDYKE, COOKE & VANDYKE for defendant.

MCFARLAND, J., delivered the opinion of the court.

· The sheriff elected for Hamilton county at the August election, 1872, was held to be incompetent to

hold the office under the constitution.  This vacancy the county court filled by the election of the defendant, and inducted him into the office.

The relator, who was the former sheriff, and entitled to hold the office until his successor was elected and qualified, instituted this proceeding under section 3409, *et seq.*, of the Code, charging that the election by the county court was void.

Sec. 3423 of the chapter enacts that "the validity of any election which may be contested under this Code cannot be tried under this chapter." An election of sheriff may be contested, and the jurisdiction is given exclusively to the circuit court by sec. 889. We see no reason to limit this to elections by the people.  It is true the relator does not profess to have been a candidate before the county court, nor does he claim his right to the office by said election. A contested election is usually a contest as to which of two parties was elected.  Here the relator claims that the election was void, but the language is imperative: that the *validity* of any election which may be contested cannot be tried in this form.  This election might have been contested and its validity determined by the circuit court.

This chapter was not intended to apply to contests as to the validity of an election of this character. We think the demurrer was properly sustained.

The defendant has died pending the appeal, and the controversy is at an end so far as he is concerned, but as we think the decree was correct, it will be affirmed with costs.