THE STATE ex rel of Robert Swann v. JOSEPH R. BURCHFIELD.

1. COMMON SCHOOLS. *Contested elections.* The circuit court has no original jurisdiction to try contested elections of school directors. In the absence of a contrary provision the court having power to induct an officer has jurisdiction to determine the validity of his election.

2. SAME. *School directors.* *Employment of minors.* The employment by a school commissioner of his minor child is not of itself sufficient to eject him from office.

FROM JEFFERSON.

Appeal in error from the Circuit Court of Jefferson county.    J. G. ROSE, J.

G. W. PICKLE for Swann.

J. M. MEEK for Burchfield.

DEADERICK, C. J., delivered the opinion of the court.

This bill was filed in the circuit court of Jefferson county, charging that defendant unlawfully holds

State *v.* Burchfield.

and exercises the duty of the office of director of the public schools for the 48th school district of said county.

The bill further alleges that defendant was not legally elected and inducted into said office; that the defendant and the relator, Swann, were the only persons voted for, and the officer holding the election gave or returned a majority of one vote in favor of defendant. This, it is alleged, was unjust, inasmuch as one or more of the votes cast was illegal, and the defendant voted for himself, and rejecting these votes, relator was elected. It is also alleged that the officers who held said election were not qualified to do so.

It is likewise charged that said defendant, since his election and induction into office, has forfeited his right to said office by employing his daughter, with the aid of another director, who is a member of his family, and a minor, to teach the public school in his district, by failing and refusing to call the people of the district together for consultation on school interests, and refuses to heed the protests of a large number of persons interested in said school, which is taught in the spring, the busiest season of the year, that few besides his own and relatives' children attend the school.

Upon the foregoing facts the bill prays that the right to said office of school director be determined, and that said Swann be declared entitled to it, or that the election be declared void. But if defendant was legally elected, the bill prays that he may be ejected therefrom as having by his conduct forfeited

State *v.* Burchfield.

the office. Injunction was issued to restrain the teacher from being paid her salary, without making her a party.

The defendant demurred, and the court sustained the demurrer, and dismissed the bill, and the complainant appealed to this court.

Upon the hearing of the cause by the Commission of Referees, they held, and so report, that the circuit court had no original jurisdiction to try contested elections of school directors, and that the demurrer was well taken as to the ground of relief first stated in the bill.

As to the second ground of complaint, the Commissioners report that the acts and omissions charged entitle the relator to the relief sought, and so report.

The complainant excepts to the report upon the first ground, and the defendant also excepts to its holding upon the second ground of relief set up in the bill.

The bill is filed under section 3409 *et seq.* of the Code, ch. 8, entitled "of proceedings in the name of the State against corporations, and to prevent the usurpation of office."

The bill upon its face shows that defendant received a majority of the votes cast, and was inducted into office. True, it alleges that one of said votes was illegal, and another was cast by defendant himself. But to ascertain whether these facts be so, that is, whether the vote is a tie or gives the election to complainant, necessarily involves a contest of the election, and the circuit court has no original jurisdiction

to try such issue under the sections of the Code cited, for under section 3423 of said chapter 8, it is expressly withheld in the language that the "validity of any election which may be contested under this Code cannot be tried under the provisions of this chapter." Holding the certificate of the officer holding the election and inducted into the office, defendant was *prima facie* entitled to the office. The act of 1873, sec. 962*b*, sub-sec. 14, of Addenda to Code, provides that the person holding the election shall certify the result to the county superintendent and the county court clerk. This report to the county court clerk was for the purpose of having the officer elect inducted into office by the county court; and it is held in 2 Heis., 377, in the absence of a contrary provision, the court having power to induct an officer, has the jurisdiction to determine the validity of his election.

The most plausible allegation of misconduct by defendant is that he with one other director employed his daughter, who was a minor, to teach. What her age was is not stated. There is an inhibition in the act of 1874 against the employment of a director, but none against the employment of his son or daughter, and it urged that the daughter being a minor, the father would be entitled to her acquisitions. It is not alleged that the employee was not a competent or proper person to teach, and the father would be estopped to claim the wages which he had contracted to pay her.

We do not think there was any error in the decree dismissing the bill, and we overrule the report

of the Referees upon the point last discussed, and affirm the decree dismissing the bill.

Upon petition to rehear, DEADERICK, C. J., delivered the following opinion:

It is insisted that the defendant should be treated as an usurper of the office of school director, and that the allegation in the bill that there was a tie vote, and therefore that the election was void under section 873 of Code, renders the holder of the office an usurper.

The bill, however, shows that counting all the votes cast, defendant was elected, and that the officer holding the election gave him a certificate of election, and he was inducted into office. It is not, therefore, a case of usurpation of office without color of authority, and in this case the object of the bill, manifestly, is to contest the legality of defendant's election, which cannot be done under the statutes in the mode attempted.

The allegation of misappropriation of funds by its specific averment of the mode of appropriation shows that there is no foundation upon which it can rest, and we therefore dismiss the application to rehear this cause.