Finney v. Garner.

FINNEY *et al. v.* GARNER *et al.*

(*Nashville.*    December Term, 1902.)

1. **SCHOOL FUNDS.** School directors causing loss of, may be
   sued in equity by beneficiaries.

   As a general proposition of law, a school district being a *quasi*
   corporation, suits affecting the school fund belonging to a par-
   ticular district should be brought in its name or for its benefit
   as a legal entity; but where a loss to the school fund of a par-
   ticular district is occasioned by the malfeasance or misfeas-
   ance of its directors—the managers of such *quasi* corporation—
   in order to recover and preserve such funds a suit may be
   brought in equity against the directors by, and in the name of,
   the residents of the school district, and patrons of its schools,
   interested in the fund.    (*Post, pp.* 69-74.)

   Case cited:  Lowry v. Francis, 2 Yerg., 534.

2. **EQUITY PRACTICE.** School funds. Action to protect by
   one of numerous interested class.

   Where the persons interested in the subject-matter of the litiga-
   tion are numerous, one or more of such persons may sue on
   behalf of the entire class.  The patrons of the public schools
   of a particular district are interested in the preservation and
   safe management of the school funds of that district and may
   maintain a suit to prevent them from being lost or destroyed.
   (*Post, p.* 73.)

   Case cited:  Lynn v. Polk, 8 Lea, 121.

3. **SCHOOL FUNDS.** Bond to protect. Sureties on, not released
   by individual action of directors.

   Where the district directors have advanced school funds to a
   contractor and have taken a bond with sureties, payable to

Finney v. Garner.

them in their official capacity, to insure the prompt fulfillment of a contract to erect and deliver a public schoolhouse, the sureties cannot be released from their obligation, by a cancellation or destruction of the bond, upon the authority of one or two of the directors acting as individuals, there being no official action of the board of directors authorizing the cancellation. (*Post, pp.* 73-74.)

4. **SAME.** Same. Sureties, liability of. Semble.

And it would seem that the sureties on such bond, would not be released by the joint action of themselves and the district directors, even acting in their official capacity, where such release must necessarily result in the loss of the fund, to protect which the bond was executed. (*Post, p.* 74.)

5. **SAME.** Same. **Sureties may be sued by patrons of school district, when.**

Where a bond with sureties, is executed, payable to the directors of a school district in their official or representative capacity, and intended to protect the school funds of that district and the directors and sureties have attempted to unlawfully cancel said bond, an action may be maintained against the sureties by the patrons of said district interested in the fund. (*Post, pp.* 73-74.)

6. **SCHOOL DIRECTORS.** Liable for loss of school funds, when. **Measure of liability.**

School directors are jointly and severally liable for the loss of school funds belonging to their district when such loss is occasioned by their neglect. The measure of their liability is the full amount so lost with interest thereon. (*Post, p.* 74.)

Code cited and construed: Sec. 1426 (S).

FROM FRANKLIN.

Appeal from the Chancery Court of Franklin County.
—T. M. McConnell, Chancellor.

Whitaker & Horton, W. L. Myers and Geo. E.
Banks, for Finney et al.

J. M. Littleton, for Garner et al.

————

Mr. Justice Wilkes delivered the opinion of the
Court.

This is a bill filed by complainants, residents of school
district No. 9 of Franklin county, Tenn., and patrons
of the public school of that district, to recover for them-
selves and other patrons of said school and for the dis-
trict $500 belonging to the school fund of that district,
alleged to have been misappropriated or lost by the sev-
eral defendants who occupied different relations to such
fund.

The facts, as reported by the court of chancery ap-
peals, are that Rose, Henley, and Pattin were the di-
rectors of the public school of the Ninth school district
of Franklin county. Rose and Henley, two of the di-
rectors, entered into a contract with M. D. & Wm. L.
Garner to erect a public schoolhouse in the district for
the sum of $500. Pattin appears to have taken no part
in any of the transactions, and need not be further no-
ticed, so far as the purposes of this suit are concerned.

Rose and Henley, as directors, furnished the Garners,
as contractors, $500 out of the school fund of the district
to purchase the material and build the house, and took

from them a bond to promptly build and deliver it according to a contract. Pending the erection of the house, M. D. Garner took out a policy of insurance on the house upon the plan known as a "builder's risk" for $500.

About the time the house was completed, or shortly before, it was destroyed by fire. It had not then been delivered to or accepted by the school directors. Proofs of loss being made, the insurance company sent a draft to pay the same to its local agent at Winchester, Mr. Brannan.

One of the sureties on the bond of the contractors notified the agent of the company not to pay the proceeds of the policy to the contractors. W. L. Garner, one of the contractors, thereupon saw the defendants Rose and Henley, and promised them individually, but not in any official meeting, that, if the money was paid over to him, he would rebuild or replace the house. The directors Rose and Henley separately and individually, but not in any official meeting, notified Brannan that they were willing to rely upon Garner's promises to rebuild, and sent the bond to Brannan, with the statement that he might permit the Garners to collect the insurance. Brannan thereupon destroyed the bond, and permitted W. L. Garner to collect the insurance money. Before this could be done, $120 of the amount was garnished by Long for an individual debt due him from M. D. Garner. W. L. Garner thereupon informed Rose that $120 of the amount had been seized, and declined, therefore, to carry out his agreement to rebuild the

house, and turned over the remainder of $380 to M. D. Garner, without protest or objection from Rose or Henley, and the court of chancery appeals reports that inferably it was done by consent. M. D. Garner was insolvent, and the fund was wholly lost.

Upon the hearing the chancellor dismissed the bill as to Pattin, the third director, and as to Long, the attaching creditor of M. D. Garner, and dissolved the injunction sued out against the latter. He gave complainants a decree against Rose and Henley, the two directors, individually, and against the contractors and the sureties on their bond, for the amount of the fund and interest and all cost—the order of liability to be, first, the contractors, second, the directors, and third, the sureties on the bond; and execution was directed to issue. The defendants who were held liable all appealed and assigned errors. The court of chancery appeals affirmed the decree of the chancellor, and the defendants have appealed to this court and assigned errors: (1) That complainants were not entitled to bring this suit; (2) that the sureties on the bond were not liable, but were released by the directors in giving up the bond and permitting the insurance money to be paid over to the contractors; (3) in holding the directors Rose and Henley liable to complainants.

These are the same assignments made in the court of chancery appeals, and disposed of by that court. The first assignment questions the right of complainants to bring the suit in their own names and as representatives

of the patrons of the Ninth school district. The argument is that the school district is a *quasi* corporation, and all suits should be brought in its name, or at least directly for its benefit as a legal entity. And this, as a general proposition, may be said to be sound law. The school directors are the managers of the corporation, but this suit is against them for malfeasance and misfeasance in office, among other things.

This action, as to all the defendants, is for mismanagement and loss of the funds of the school district, and the prayer is that the defendants be held liable to the school district for the funds so lost; so that, while the action may be somewhat informal, the whole purpose is to recover and preserve the school fund for the benefit of the district and the patrons and children of the school.

The suit, under the circumstances, could not be brought by the directors, as such, against themselves as individuals. The State had no interest in the matter. The bond was not made to it, but to the directors in their representative capacity, and not as individuals. As is aptly said by the court of chancery appeals, "the substantial thing in the case is that the fund was in the nature of a trust fund for the benefit of the children of the district, and incidentally their parents and guardians, as patrons of the school, and was lost by the misconduct of the directors and other defendants."

The suit might have been more formally presented, but the evident object and purpose of it was to recover

and secure the fund wrongfully and negligently lost for the benefit of the district, its schools, the patrons of the same, and the children of the district. This object is secured by the decree of the chancellor, which directed the fund to be paid into court to await the further order of the court.

It may be that there is no express provision of the statute covering the exact facts of the case, nor do we deem it necessary that there should be. Conditions may have arisen which are not covered by the statute, because it was never contemplated that such conditions would arise. In *Lowry* v. *Francis,* 2 Yerg., 534, it was held that lands which were appropriated for public school purposes become clothed with a public trust for the people of the respective townships where they are situate, and any citizen might enjoin even an act of the general assembly violative of the trust. The general principle is that any person interested in the subject of litigation may sue when the number interested is great. The patrons of the public schools in their district have a direct interest in the funds of the district, and a right to prevent their being lost and destroyed. See *Lynn* v. *Polk,* 8 Lea, 121.

It is said the sureties on the bond cannot be held liable, because the bond was made payable to the directors. This is true, but it was not payable to them in their individual, but in their representative, capacity, and was intended to protect the fund for the use of those who were entitled to its benefits. The cancellation of

the bond by one of the sureties on the authority of the
directors was wholly unwarranted.   The bond was in-
tended to secure the completion and delivery of the
building.   It could not be canceled by the joint action of
the directors and sureties when the consequence must
necessarily be the unlawful release of the sureties, and
the result that was inevitable was the loss of the fund.
Moreover, there was no official action of the board of
directors authorizing the cancellation of the bond or re-
lease of the sureties.   Their action as individuals, and
not as a board, had no force or effect.   As to the direc-
tors, there can be no question as to their liability.   The
fund was lost, through their gross negligence and mis-
management, and the statute (Shannon's Code, sec.
1426) expressly provides that in such case they shall for-
feit the full amount so lost and interest, and for the pay-
ment of the same they shall be jointly and separately
liable.   No question can reasonably be made as to the
liability of the contractors.

Upon the whole case we see no error in the decree of
the court of chancery appeals, and it is affirmed.