STATE *ex rel.* THURMAN *et al. v.* SCOTT *et al.*

(*Nashville*, December Term, 1945.)

Opinion filed June 29, 1946.

J. H. RENEAU, of Celina, GEORGE B. HAILE and FINIS HARRIS, both of Cookeville, and LEWIS S. POPE, of Nashville, for appellants.

WARD R. CASE, of Jamestown, and WILLIS E. SPEAR, of Celina, for appellees.

MR. JUSTICE GAILOR delivered the opinion of the Court.

The bill in this cause was filed in the Chancery Court of Clay County, to test the validity of an election by the county court of a beer committee. The bill is filed in the

name of the State, on relation of Frank Thurman, R. W. Burnette and Willie Hunter, members of the Quarterly County Court of Clay County, and Harmon Jones, a licensee to sell beer in that county. G. C. Scott, Palo Rose and Esben Stephens, members of the Clay County Beer Board or Committee, whose election was to be contested, were made respondents. The bill was met by demurrer, and on the hearing this demurrer was sustained by the chancellor and the bill dismissed. From this action of the chancellor, the relators have perfected appeal, assigning as error that the chancellor erred in sustaining all the grounds of the demurrer, or any one of them.

The gist of the attack made on the election of the respondents as the beer committee of the county, may be briefly stated. Prior to April 1, 1946, there had been a county beer committee for Clay County which had either been discharged or had resigned. At the meeting of the quarterly county court on that date, all 18 members of the court being present, a resolution was presented to elect a new beer committee and to name the respondents as the committee. Objection was made that the resolution by naming the committee, foreclosed the possibility of other nominations. No such nominations were attempted. Roll call was taken on the resolution, with the result that nine voted for the resolution, seven voted against the resolution, and two members were present and not voting. After the court had proceeded to take up and dispose of other business in the interim, the minutes disclose that the two magistrates who had been present and not voting on the resolution, announced their desire to vote favorably on it. In other words, the minutes disclose that before the adjournment, eleven of the magistrates had voted favorably, and seven unfavorably, on the election of respondents as the county beer committee.

The minutes do not disclose that the chairman made any announcement after the first ballot, nor did he make any announcement prior to the taking of the additional two votes, nor after they had been cast.

After the meeting of the court, the relator Harmon Jones was given written notice by one of the members of the newly elected committee, to show cause why his license to sell beer should not be revoked. Thereupon this bill was filed. Three of the relators were among those magistrates who voted against the resolution and the relator Jones joins in the bill because his license was about to be revoked.

We find it unnecessary to consider further the validity of the election or the regularity of the proceeding of the county court, because we think the chancellor's action in sustaining the demurrer must be affirmed on several grounds.

██ The bill is filed in the name of the State, presumably in the nature of a *quo warranto*, and the only authority for such proceeding is to be found in Code secs. 9336-9358. Authority to file such a bill is strictly statutory. Clearly, this bill is filed to test the validity of an election. Code sec. 9350 is as follows: "The validity of any election which may be contested under this code cannot be tried under the provisions of this chapter."

The section has been upheld and applied in several cases. *State ex rel.* v. *Wright*, 57 Tenn. 237; *Conner ex rel.* v. *Conner*, 67 Tenn. 11, 12; *State ex rel.* v. *Burchfield*, 80 Tenn. 30; *Maloney* v. *Collier*, 112 Tenn. 78, 96, 83 S. W. 667.

██ Further, we think it clear from a number of our cases, that the quarterly county court was the exclusive forum to test the validity of the election of this committee. The exclusive authority to elect this committee

vested in the county court by Williams' Code, sec. 1191.14. Members of the committee are not officers, have no fixed tenure, but serve at the will and pleasure of the county court, and receive no compensation. *Cf. Hope v. Hamilton County,* 101 Tenn. 325, 328, 47 S. W. 487. Even if they were officers and were inducted in or elected by the county court and there were no conflicting Code provisions, the exclusive forum of the contest is in the county court.

■ ". . . , in the absence of a contrary provision, the court having power to induct an officer, has the jurisdiction to determine the validity of his election." *State v. Burchfield,* 80 Tenn. 30, 33; *Blackburn v. Vick,* 49 Tenn. 377, 382.

■ "If it be said that the powers of the county court are ministerial, judicial and legislative, and that in the election of a county superintendent by the justices legislative powers were exercised, and in determining this contest its judicial power is alone invoked, we reply, if this be conceded, that in the absence of statutory limitation, the justices, as a legislative body, can adopt their own methods, not in conflict with the law of the land, of expressing their legislative choice, and if they adopt a method of expressing their will, and under this method, as construed by judicial rules, do express their will, but they decide that they have not, and proceed under their method until they do reach a choice acceptable to their legislative judgment, then this legislative judgment, if not violative of the law, *cannot be reviewed and set aside by the courts." Leonard v. Haynes,* 82 Tenn. 447, 455. (Our emphasis.)

In another case, after approving the opinion in *Leonard v. Haynes, supra,* Chief Justice GREEN said: "If the justices concluded that their former procedure was irregu-

lar, not in accordance with parliamentary practice or their own methods of transacting business, it was within their province to reconsider their former action. The legislative judgment of the quarterly county court upon a matter of this character, 'not in conflict with the law of the land,' as said in *Leonard* v. *Haynes*, may not be reviewed by the courts." *Donnelly* v. *Fritts*, 159 Tenn. 605, 610, 21 S. W. (2d) 619, 620.

We conclude, therefore, that the chancellor was without jurisdiction and was right in sustaining the demurrer and dismissing the bill.

As to the relator Jones, who sues as a licensee, there is a further ground on which the bill should have been dismissed as to him. He took his license under an act of the legislature. His rights with regard to the license are circumscribed and defined by that same act. The act expressly limits his right of review for the revocation of his license to *certiorari* to the circuit court. Sec. 3, Chap. 53, Public Acts of 1943, Williams' Ann. Code, sec. 1191.14.

" 'Permits or licenses issued under this Act by any Quarterly County Court or any committee or board created by any Quarterly County Court, may be revoked by such Quarterly County Court, committee or board. . . . The action of such agency in the revocation of a license may be reviewed by petition for common law writ of *certiorari* addressed to the Circuit Court of the county in which such revocation occurred. Such petition shall be filed within Ten (10) Days from the date the order of revocation is made. . . . *The remedy provided by this Section shall be the only method of reviewing orders of quarterly courts, governing bodies of municipal corpo-*

*rations, boards or committees revoking licenses issued
under this Act.' "* (Our emphasis.)

For the reasons stated the action of the chancellor in sustaining the demurrer and dismissing the bill is affirmed at the cost of the relators.