ANDERSON *v.* PUTNAM COUNTY BEER BOARD

(*Nashville,* December Term, 1946.)

Opinion filed May 3, 1947.

624

GEORGE B. HAILE and ARNOLD CAMERON, both of Cookeville, for plaintiff in error.

W. KEITH CRAWFORD and E. A. LANGFORD, both of Cookeville, for defendant in error.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This is an appeal from the action of the Circuit Court of Putnam County in dismissing a petition for *certiorari* filed by the Plaintiff in Error, Eva Louise Anderson, to review the action of the Beer Board of Putnam County by which her license to sell beer was revoked. The assignments of error present three questions for our consideration:

(1) By plea in abatement filed with the Beer Board, it was insisted that the Board was illegally constituted on account of irregularities and illegalities in the election of the Board by the County Court.

(2) That at the hearing before the Beer Board, although the rule had been demanded, over the objection of Plaintiff in Error, the signers of the petition for the revocation of the license upon the allegations of which the hearing was being held before the Board, were permitted to remain in the Courtroom during the hearing and, nevertheless, permitted to testify over timely objection.

(3) The remaining assignments of error assert the insufficiency of the evidence adduced before the Board to justify the revocation of the license of Plaintiff in Error.

 Considering the first question, the jurisdiction of the Beer Board is attacked because its members had not been legally elected by the County Court, had not taken oath or otherwise qualified, as it is asserted they should have done as county officers. It is not asserted that they as Justices of the Peace were not regularly elected and duly qualified, but it is merely their qualification as members of the Board that is attacked. Plea in abatement filed before the Beer Board was neither the appropriate remedy nor the proper forum to raise this question. This Beer Committee was a Committee of the County Court, Code sec. 1191.14; *Henderson* v. *Grundy County Beer Committee,* 176 Tenn. 397, 403, 141 S. W. (2d) 901.

 In a recent case, which doubtless escaped Counsel's attention, we said of an attack upon the election and qualification of a Beer Committee:

"Further, we think it clear from a number of our cases, that the quarterly county court was the exclusive forum to test the validity of the election of this committee. The exclusive authority to elect this committee vested in the county court by Williams' Code, sec. 1191.14. Members of the committee are not officers, have no fixed tenure, but serve at the will and pleasure of the county court, and receive no compensation. *Cf. Hope* v. *Hamilton County,* 101

Tenn. 325, 328, 47 S. W. 487. Even if they were officers and were inducted in or elected by the county court and there were no conflicting Code provisions, the exclusive forum of the contest is in the county court.

" '. . . in the absence of a contrary provision, the court having power to induct an officer, has the jurisdiction to determine the validity of his election.' *State* [*ex rel. Swann*] v. *Burchfield,* 80 Tenn. 30, 33; *Blackburn* v. *Vick,* 49 Tenn. 377, 382." *State ex rel. Thurman* v. *Scott,* 184 Tenn. 76, 195 S. W. (2d) 617, 618.

Under the authority of this decision the action of the Beer Committee and Circuit Court overruling the plea in abatement was clearly proper.

As to the second question and the error assigned for failure to put certain witnesses under the rule, we think this case is improperly styled and that the mistake was that of the Plaintiff in Error, since the case takes its style from the petition for *certiorari* which she filed in Circuit Court. The proceeding before the Beer Committee was on a petition by a number of citizens of Putnam County, the plea in abatement and later an answer by Eva Louise Anderson. The first party who signed the petition was one H. E. Higginbotham. Therefore, the proper style of this case is *"H. E. Higginbotham et al. Petitioners,* v. *Eva Louise Anderson, Respondent."*

However, even if the signers of the petition were not strictly parties in the sense of Code sec. 9781, nevertheless, they certainly were Relators or prosecuting witnesses, and as such were not subject to the rule. *Smartt & Carson* v. *State,* 112 Tenn. 539, 80 S. W. 586; *Adolff* v. *Irby & Gilleland,* 110 Tenn. 222, 75 S. W. 710.

The tendency shown by our decisions is to liberalize the strict enforcement of Code sec. 9781 against the enforcement of the rule. *Adolff* v. *Irby & Gilleland,*

*supra;* Tennessee Procedure, sec. 1197. There is large discretion in the Trial Court. *Nimmerfall* v. *Link,* 7 Tenn. Civil App. 621; Tennessee Procedure, sec. 1200.

■ ■ The third and final question presented by the appeal is whether the action of the Beer Committee in revoking the license was supported by sufficient evidence. In the matter of revocation of such a license, the Committee has large discretion. *State ex rel. Cravens* v. *Delk,* 175 Tenn. 614, 616, 136 S. W. (2d) 524; *Wright* v. *State,* 171 Tenn. 628, 106 S. W. (2d) 866. And though we find that the action of the Committee was supported by substantial evidence, we think that under the scope of the pleadings here, the Plaintiff in Error was not entitled to a review upon the facts. The scope of review sought is thus stated in the petition for *certiorari* filed in the Circuit Court: "She therefore avers that under Section 1191.14 she is entitled to the common law writ of *certiorari,* etc. . ."

The writ prayed falls under Code 8989, and would test only the jurisdiction of the Beer Committee and the legality of its action. We do not decide, since it is unnecessary to this decision, whether in spite of the language of section 1191.14, under the facts here Plaintiff in Error was, nevertheless, entitled to review on the facts under Code sec. 9008 *et seq.* After citing many Tennessee cases, it is said by this Court in *Anderson* v. *City of Memphis,* 167 Tenn. 648, 652, 72 S. W. (2d) 1059, 1060; "These cases, broadly speaking, recognize the distinction between the writ of *certiorari* as employed under the common law, for the review of the legality of the action of a board or inferior tribunal as within its jurisdiction or powers, and the same writ authorized by statute to be employed in lieu of an appeal, to review and correct

errors of fact and law committed by such inferior tribunal.''

Also for the limited scope of the common law writ, see *Conners* v. *City of Knoxville*, 136 Tenn. 428, 189 S. W. 870; *City of Nashville* v. *Martin*, 156 Tenn. 443, 447, 3 S. W. (2d) 164; *Groomes* v. *City of Nashville*, 176 Tenn. 391, 141 S. W. (2d) 899.

For a full discussion of the application of the two writs of *certiorari* in proceedings to review action of County Beer Board see *Putnam County Beer Board* v. *Speck*, 184 Tenn. 616, 201 S. W. (2d) 991.

All assignments of error are overruled, and the judgment is affirmed.

All Justices concur.