TUCKER *v.* CARTER COUNTY BEER BOARD.

(*Knoxville,* September Term, 1949.)

(May Session, 1950.)

Opinion filed July 15, 1950.

E. M. JOHNSTON and C. C. STREET, both of Elizabethton, for plaintiff in error.

FRANK HAWKINS, District Attorney General of Johnson City, Tenn. for defendant in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

The Carter County Beer Board revoked the permit of Tucker to sell beer because (1) the carrying on of this business at the place in question created a traffic hazard; and (2) Tucker was making illegal use of the permit granted him to sell beer. The Circuit Judge in acting upon Carter's petition for certiorari found that the order of revocation was warranted by the evidence and, therefore, "said order is affirmed". Tucker has appealed and thereby presents for determination here the question of whether there was material evidence before the Beer Board to support its findings and order.

The beer tavern in question was not established until 1949. The permit under which Tucker was operating this place was issued in 1947.

It is provided by the Beer Statute, Williams' Code Section 1191.14, that beer shall not be sold at places where it will cause a congestion of traffic or interfere with schools, churches, public health, safety or morals. This same code section (Williams Code Supplement)

provides that when a permit is revoked, another shall not be issued for the sale of beer "on the same premises" for a year. Implicit in these provisions is the requirement (1) that the application for a permit must state the place where it is proposed to sell beer, and (2) that the permit issued pursuant thereto does not authorize the sale of beer at any place other than that specified in the application.

In accordance with the above mentioned requirements of the Beer Statute, the Carter County Beer Commission furnished those making application for a permit to sell beer a form which provided directions and space for a specification of the place where the applicant proposed to sell beer. The application made by Tucker was not in the office of the County Court Clerk. The inference from the record is that it has been misplaced. However that may be, Tucker's Beer Tavern involved in this case was not established until 1949. Therefore, it has to follow that the permit issued to Tucker in 1947 did not authorize him to sell beer at this beer tavern. Hence, in selling beer at this tavern under that permit he was using that permit illegally. Such illegal use justified the Board in revoking it.

Since that which is said above is conclusive of the case, it is unnecessary to enter into a discussion of the testimony upon which the Board found that a traffic hazard is created by the maintenance of this beer tavern at that location. We have examined that evidence, however. While it is very unsatisfactory, there is about it sufficient of substance to prevent any disturbance by the Court of the Board's finding and order upon that point. *Putnam County Beer Board* v. *Speck,* 184 Tenn. 616, 621-622, 201 S. W. (2d) 991.

Finally, it is assigned as error that the Circuit Judge should have dismissed the case because the Beer Commission had never "signed, filed or entered the order of revocation as a part of the record upon which this case was heard".

The record of the Beer Board as certified to the Circuit Court contains the following: "Commission Returns: Mr. Gouge, Chairman:

"Gentlemen, it is the decision of the Committee that Sheriff Johnson and Sergeant Seahorn have sworn that in their opinion that this place created a traffic hazard and the proof has shown that the permit was issued in 1947 the present building was not erected, therefore, it is the decision of the Committee that the permit is revoked."

Thus it is that a permanent record of the Beer Board (the record it certified to the Circuit Court) contains a recitation of the findings and order of the Board. It is common knowledge that proceedings of beer boards are to some extent informal. So the record which this Board has made and preserved meets the intent of the statute in that it fully advises Tucker and any one thereafter concerned of the action taken by the Board upon the proceedings of which Tucker was given notice. That being true, the Court would hardly be justified in overriding the action of the Board upon this ground.

The judgment will be affirmed with costs of the appeal adjudged against Tucker and his sureties.

All concur.