SOWELL *v.* RED *et. al.*

(*Nashville*, December Term, 1950.)

Opinion filed July 27, 1951.

H. GRADY WADE, of Lewisburg, and J. G. LACKEY, JR., of Nashville, for plaintiff in error.

A. E. SIMMS and ROBT. W. SIMMS, both of Fayetteville, for defendant in error.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This is an appeal by R. B. Sowell, from the action of the Circuit Judge of Lincoln County, affirming judgment of the Lincoln County Beer Board, composed of G. L. Red, Leonard Mansfield and John V. Matthews, revoking Sowell's license to sell beer in Lincoln County.

The pertinent facts are these:

In 1946 Sowell obtained a license from the then Lincoln County Beer Board, to sell beer on land which he controlled, near the intersection of the Petersburg and Fayetteville Highway, about ¾ of a mile south of Petersburg, Tennessee, on the west side of said highway. After exercising his privilege to sell beer under said license for some time, he found the location undesirable, and "after conferring with some members of the then Beer Board of Lincoln County," he disposed of the old business and premises, and moved to a new location some distance

away on the brow of a hill where the beer establishment would be more accessible, and more visible to those passing on the highway. No new license was ever granted by the Beer Board, and no steps ever taken to transfer the license to the new premises except the private conference which Sowell had with "some members" of the Board. Time went on and Sowell continued to sell beer at the new location without objection from the Beer Board until the election of the new Board, the present Board, by the County Court.

The new Board cited Sowell to show cause why his license should not be revoked since he was exercising it on premises which were not described in it. After a hearing, the Board revoked the license and Sowell filed petition for certiorari in the Circuit Court. As a result of the proceedings in the Circuit Court, the action of the Beer Board in revoking the license was approved, and its judgment affirmed by the Circuit Judge.

Bearing in mind that the scope of judicial review is expressly limited by the statute to that prescribed for the common law writ of certiorari, Williams' Annotated Code Supp., Sec. 1191.14, Chapter 53, Sec. 3, Public Acts of 1943; *Anderson* v. *Putnam County Beer Board*, 184 Tenn. 623, 627, 201 S. W. (2d) 994; that the County Beer Board had a wide discretion in acting upon the revocation, *Wright* v. *State*, 171 Tenn. 628, 106 S. W. (2d) 866; *Henderson* v. *Grundy County Beer Comm.*, 176 Tenn. 397, 141 S. W. (2d) 901, and that Sowell was admittedly guilty of a technical violation of the provisions of the license issued in 1946, since he was licensed to sell at one place, and was in fact, selling at another, we are compelled to apply the rule made in *Tucker* v. *Carter County Beer Board*, 191 Tenn. 210, 232 S. W. (2d) 38, 39, where this Court said:

"However that may be, Tucker's Beer Tavern involved in this case was not established until 1949. Therefore, it has to follow that the permit issued to Tucker in 1947 did not authorize him to sell beer at this beer tavern. Hence, in selling beer at this tavern under that permit he was using that permit illegally. Such illegal use justified the Board in revoking it."

■ Private conferences which Sowell may have had with individual members of the Board had no effect upon the terms of the license issued in 1946. What the Board had authorized as a Board, could only be changed by the Board acting formally as a Board. *Finney* v. *Garner*, 110 Tenn. 67, 71 S. W. 592; *State ex rel. Milligan* v. *Jones*, 143 Tenn. 575, 224 S. W. 1041.

■ We find nothing arbitrary or illegal in the action of the Beer Board in the present case, and that is the scope of our legitimate review. Code Sec. 1191.14, supra.

Judgment affirmed.

PREWITT, Justice, dissents.