McBride *v.* State.

(*Jackson,* April Term, 1953.)

Opinion filed June 5, 1953.

Aaron Brown, of Paris, for plaintiff in error.

Nat Tipton, Assistant Attorney General, for the State.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The plaintiff in error was indicted, tried and convicted for selling beer without a permit, with his punishment fixed at a fine of $300 and a jail sentence of ninety days, from which he appeals.

In Henry County near the City of Paris there is a place that sold beer known as the Sportsman's Inn. It was operated by the plaintiff in error, who also owned the real estate on which it was located and paid the help in dispensing beer and other products in the place. The record shows there was no permit issued to the plaintiff in error to sell beer at this place. Sometime in July, 1950, a permit was issued for the Sportsman's Inn in the name of S. N. Holly. Holly testifies that he was operating this place for the plaintiff in error but that in October, 1951 he turned his permit in to the County Judge. The permit was issued to the Sportsman's Inn, S. N. Holly. The name of the plaintiff in error nowhere appeared upon such permit. There was no revocation of such permit by the County Court or any other authorized body.

The case involves the question of whether or not one may sell beer upon a permit issued in the name of another or in other words, whether a permit to sell beer is assignable.

■ Under our statutes in order for one to lawfully sell beer he must first obtain a permit or license issued by the quarterly county court or a committee appointed by it for that purpose. Code Supplement, Section 1191.14. In addition to this permit to sell beer the one selling it must obtain from the county court clerk a privilege license in varying amounts under Supplement to the Code, Section 1191.17. There is a vast difference between these two documents. Any person may go to the county court clerk's office and there pay the privilege tax for selling beer and obtain a license but unless such person shall likewise obtain a valid permit to sell beer at a particular location, such privilege license does not protect the person from criminal prosecution in his sale.

Before a permit can issue to one selling beer, under our statutes, certain citizenship requirements must be established, the location at which beer is sought to be sold must be definitely set forth, the moral character of the applicant must be established and the application must likewise show whether or not the person making such application applies for himself or as agent for another. All these requirements are set forth in Code Section 1191.14.

■ Insofar as it has been pointed out or we can find there has never been any adjudication upon the question here involved. This Court has held that a permit to sell beer cannot be transferred from one location and used in another. *Tucker* v. *Carter County Beer Board,* 191 Tenn. 210, 232 S. W. (2d) 38; *Sowell* v. *Red,* 192 Tenn. 681, 241 S. W. (2d) 775.

■ Upon principle, it would seem that the same rule should apply to the identity of the person to whom the permit was issued and that a permit issued to one person might not be used lawfully by another despite the fact that the location remained the same. County courts or

those under them issuing permits are prohibited from issuing permits to aliens or to convicted violators of the prohibition law. If it were possible for "A" to secure a permit in his name which he was going to let "B" use then this prohibition in the statute would be absolutely worthless. This same reason applies on the assignability of such permits.

The plaintiff in error has no permit in his own name. Inferentially he never sought one. The record shows though that his mother-in-law did seek a permit, inferentially for this same location, and she was denied a permit. The plaintiff in error seeks to justify his operation of this establishment under a permit issued to Holly. Clearly this proposed transfer or use of the permit issued to Holly designating the Sportsman's Inn by the plaintiff in error would be a good ground for revocation of the permit. It seems to us that this purported use or transfer of this permit from Holly to the plaintiff in error did not vest in the plaintiff in error any right or permit to sell beer at this location and that for doing so he was properly convicted for selling beer without a permit. It is very clear under the statute that one applying for a permit to be used by another must state that fact in his application. The present record shows that this was not done and we think that the issuance of this permit in the name of Holly did not confer upon the plaintiff in error any rights therein whatsover.

■ There was some mention made in an assignment in the record that the sheriff had no right to search the premises wherein he found numerous cases of beer. There was a search warrant and according to the face of the record the description is read into the record. This description was sufficient to allow the sheriff to make the search which he did. Regardless of whether he had

a search warrant or not it is clearly inferable from the record that this place was open and inviting customers and at the time the sheriff went there there were two customers eating and one of the witnesses who had worked in there testified likewise as to having sold beer for the plaintiff in error.

It results that the judgment of the trial court must be affirmed.