CROWE *v.* CARTER COUNTY *et al.*

*(Knoxville,* September Term, 1953.)

Opinion filed December 11, 1953.

BANKS, STREET & BANKS, of Elizabethton, for appellant.

MURRELL SNELL, JOHN L. BOWERS, JR., ROY C. NELSON and GUY O. FERGUSON, all of Elizabethton, for appellees.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The complainant filed her original bill in the Chancery Court of Carter County for an injunction restraining the Beer Board of the county from revoking her permit to sell beer which had been lawfully issued two years prior to the commencement of this action.

The bill charges that complainant had at all times conducted her business in strict conformity to the law and had invested a considerable sum of money in the business, all of which would be a total loss if the Beer Board's action should be upheld; that she has no remedy at law adequate to protect her in her lawful rights.

The relief sought is based on the charge that the Quarterly County Court of Carter County was called to meet in a special session for a specific purpose, to wit "of accepting offer made by the City of Elizabethton on a lot for the Health Department Building, or for buying a suitable site for said building. Also to consider any other business that might come before said call session of the Quarterly County Court." It is further charged that the action of the Quarterly Court in electing a Beer

Board at said "call session" was void ab initio because not mentioned in the call; that the statute authorizing special terms of the County Court expressly limits the business which may be transacted at such call session to that specified in the "call" which power the Legislature has given. Code Section 10196. The complainant therefore contends that since the action of the Quarterly Court was illegal, the Beer Board's action in revoking her permit to sell beer was likewise illegal.

The defendants, Carter County and the Beer Board, demurred to the bill on several grounds: (1) it was a collateral attack upon the election of the Beer Board, and (2) the complainant's sole remedy was by petition to the Circuit Court for the common law writ of certiorari and the writ of supersedeas. The Chancellor sustained the demurrer and from his action the complainant appealed to this Court.

The assignments of error are as follows:

"1. The learned Chancellor erred in holding that Complainant had an adequate remedy at law, by certiorari to the Circuit Court, and in holding that Code Section 1191.14 of the Tennessee Code to be applicable in this case.

"2. The learned Chancellor erred in denying the injunction, and holding that his Honor was without jurisdiction, as the Chancery Court is the sole Court to enjoin the action of the Quarterly County Court in exceeding the special purpose for which it was called into session.

"3. The learned Chancellor erred in holding that this proceeding constituted a collateral attack against the Beer Commission, and in holding that any action of the Beer Commission was presented to the Court for review, and holding same to be a

de facto commission, as the action was a direct attack against the void action of the Quarterly Court, and not an election contest.''

The authorities relied on by complainant have no application to the actions of Beer Boards in issuing or revoking permits to sell beer. The authorities cited are *McDaniel* v. *Monroe County,* 10 Tenn. App. 109, and cases cited in that opinion; also Sections 814, 815 and 818, Gibson's Suits in Chancery, which deal with the general jurisdiction of the Chancery Court to enjoin rights claimed under void or voidable decrees, or where the court has no jurisdiction of the person or the subject matter.

We think the Chancellor was correct in holding and decreeing that the complainant's remedy was under Code Section 1191.14 which reads in part as follows:

"No judge of any court shall have authority to supersede, stay or enjoin any order of a revoking agency made under the authority of this act, except after reviewing the transcript of the proceedings before the revoking agency and after a hearing of which due notice has been given the revoking agency, and no writ of supersedeas, writ of injunction, stay order or other extraordinary process shall issue for such purpose unless herein expressly authorized."

It is further provided in said statute:

"The remedy provided by this section shall be the only method of reviewing orders of quarterly courts, governing bodies or municipal corporations, boards or committees revoking licenses issued under this act."

While complainant contends that the bill only attacks the legality of the Quarterly Court in exceeding its authority under the special "call", it is an attack upon the

authority of the County Beer Board to revoke a beer permit. This is not permissible under the statute. We think it was the clear intention of the Legislature in enacting the statute regulating the sale of beer to prescribe an exclusive remedy for the correction of errors by Quarterly Courts, Beer Commissions and other municipal agencies in issuing and revoking permits to sell beer. And the mere fact that any such commission, board or agency is alleged to be illegally elected, organized or created is wholly immaterial. The fact that the rights of the permit holder are adversely affected by the action of such regulatory agencies is sufficient to confer jurisdiction solely upon Circuit Courts as provided by the beer statutes. Our conclusion thus expressed is supported by the following cases: *Putnam County Beer Board* v. *Speck,* 184 Tenn. 616, 201 S. W. (2d) 991; *State ex rel. Thurman* v. *Scott,* 184 Tenn. 76, 195 S. W. (2d) 617; *Anderson* v. *Putnam County Beer Board,* 184 Tenn. 623, 201 S. W. (2d) 994; *Sowell* v. *Red,* 192 Tenn. 681, 241 S. W. (2d) 775; and *Bragg* v. *Boyd,* 193 Tenn. 507, 246 S. W. (2d) 575, and *Young* v. *Boyd,* 193 Tenn. 507, 246 S. W. (2d) 575. The opinions in all of the above cases, except the Speck case, were prepared for the Court by MR. JUSTICE GAILOR, and we think are conclusive of the questions raised in the case at bar.

The assignments of error are overruled and the Chancellor's decree is affirmed.