JOHN GUNN CROWLEY and RICHARD YOUNG

*v.*

DE KALB COUNTY BEER BOARD et al.

(*Nashville,* December Term, 1959.)

Opinion filed April 6, 1960.

GEORGE F. HENRY, JR., Cookeville, for plaintiff in error.

MCALLEN FOUTCH, Smithville, for defendant in error.

Mr. Justice Swepston delivered the opinion of the Court.

Before discussing the merits of the case, there is a motion by the Beer Board to dismiss the appeal on the ground that the appeal bond was not filed within time. We have examined the bond and the clerk's affidavit in support of the filing date marked by him on the bond and we think that this motion should be overruled.

This is an appeal from a judgment of the Circuit Court sustaining a motion to quash and dismiss a petition for writ of certiorari to the DeKalb County Beer Board complaining of the action of the Board in denying a permit to sell beer in DeKalb County outside the corporate limits of any municipality. The only assignments of error are (1) the court erred in sustaining the motion to quash and dismissing the petition and (2) the court erred in failing to enter an order commanding the Beer Board to issue a permit to sell packaged beer, as such an order was warranted by the record and the evidence.

In order to dispose of the case it is only necessary to consider one ground on which the motion to quash and

dismiss was made in the Circuit Court. That ground is the failure of the petition for the writ of certiorari to set forth any legal grounds upon which the trial court could sustain the petition and adjudge that the Beer Board abused its discretion and acted arbitrarily or illegally.

The petition for certiorari alleges that a petition was filed with the Beer Board requesting a permit to sell beer in DeKalb County, which petition was made an exhibit to the petition for certiorari and the petition for writ of certiorari alleges that the only witness, one of the petitioners, who testified as a witness, testified, as alleged in the petition, that "he was 62 years of age; a man of good moral character; a man who believed in law and order; a natural born citizen of the United States and the State of Tennessee; that his proposed business would be operated personally by himself and his associate, Richard E. Young; that only packaged beer would be sold and that not to be consumed on their business site; that the business site would not be located within any municipality, incorporated city, town or village, nor within 2000 feet of any school, church or other public gathering place; that the business would not interfere with public health, safety or morals; that no sale would be made to a minor; that neither himself nor his associate had ever been convicted of any crime of any degree; and that his associate Richard E. Young was a natural born citizen of the United States and of the State of Tennessee, age 42 and of good moral character and a respecter of law and order."

The foregoing is an effort to comply with the requirements of the statute T.C.A. sec. 57-205, but will be observed that neither the petition nor the evidence discloses

to the Beer Board where the applicant purposed to sell packaged beer; the allegations and the evidence merely state negatively where the beer allegedly will not be sold, but in ordr for the Beer Board to determine positively these essential requirements, it must be shown to the Board the exact location where the beer will be sold. Otherwise a permit issued on this sort of petition and evidence would authorize the sale of beer at any one or more places in the County and at different places from time to time according to the wishes of the holder of the permit. As a result of such a situation, the Beer Board would never have any way of knowing where beer was actually being sold or in how many different places.

In *Tucker v. Carter County Beer Board,* 191 Tenn. 210, 232 S.W.2d 38, the Court had before it a revocation of license case under the section of the statute pertaining to revocation of license, but the statement therein is nevertheless highly applicable and thoroughly correct in this case, and the Court said:

"This same code section * * * provides that when a permit is revoked, another shall not be issued for the sale of beer 'on the same premises' for a year. Implicit in these provisions is the requirement (1) that the application for a permit must state the place where it is proposed to sell beer, and (2) that the permit issued pursuant thereto does not authorize the sale of beer at any place other than that specified in the application."

For the foregoing reasons, the Circuit Court was not in error in quashing the petition for certiorari.

Affirmed.