**MAPCO PETROLEUM, INC.,**
**Plaintiff–Appellant,**

v.

**Milton BASDEN, et al.,**
**Defendants–Appellees.**

Supreme Court of Tennessee,
at Jackson.

July 31, 1989.

Steven C. Hornsby, Bolivar, for plaintiff-appellant.

H. Morris Denton, Bolivar, for defendants-appellees.

## OPINION

DROWOTA, Chief Justice.

Plaintiff–Appellant, Mapco Petroleum, Inc., is a successor in interest to Gasoline Marketers, Inc. The primary issue on appeal is whether a beer permit issued to Gasoline Marketers, Inc. passes to a succeeding corporation by merger?

Gasoline Marketers, Inc. (hereinafter Gasoline Marketers), was issued a beer permit by the Defendants–Appellees, Beer Board of Bolivar, for off-premises consumption on March 23, 1976. On July 6, 1976, the city adopted Ordinance No. 3–25 which allowed the issuance of beer permits to individuals only. On September 14, 1976, Ordinance No. 3–31 was adopted, which prohibited the sale of beer within 500 feet of a church. In 1986, the city distance ordinance came under attack and all permits in violation of the ordinance were revoked in order to restore the validity of the ordinance. On August 11, 1987, the Beer Board voted to revoke the license of Plaintiff, based upon a violation of City Ordinance No. 3–31, because Plaintiff's place of business was within 500 feet of a church.

Mapco Petroleum, Inc., is the resulting corporation of several successive corporate mergers. In 1979, National Automated Gasoline, Inc., merged with Gasoline Marketers. Later that year, Delta Refining, Inc., merged with Gasoline Marketers. Gasoline Marketers then merged with Earth Resources Company, Inc. In 1981,

Earth Resources merged into Mapco Petroleum, the present Plaintiff.

Gasoline Marketers is the holder of the permit to sell beer. Plaintiff–Appellant has neither applied for nor obtained a permit to sell beer in the name of Mapco Petroleum, Inc. Mapco bases its authority to sell beer as the surviving corporation of several mergers.

Plaintiff–Appellant raises two issues on appeal. First, whether the trial court erred in dismissing Plaintiff's petition for writ of certiorari based upon lack of standing and, second, whether a beer permit is transferable to the surviving corporation of several mergers, when the beer permit was originally issued to one of the Plaintiff's constituent corporations. The second issue answers the first, for if the beer permit in question is transferable, then Plaintiff has standing. However, if the permit is not transferable, then Plaintiff has no standing and the trial court's dismissal must be affirmed.

Defendants assert that a beer permit issued by the City of Bolivar cannot be assigned or transferred by one holder to another. Defendants aver that the original permit holder, Gasoline Marketers, had no authority to transfer or assign any rights under the beer permit issued to it by the City of Bolivar. Plaintiff responds by stating that the beer permit was not transferred contrary to Tennessee law but as a result of corporate mergers and Plaintiff was vested with same by operation of law and did not have to apply for a new permit. Plaintiff avers that as the surviving corporation of the original holder of the beer permit, it has been injured by the revocation of the permit. Plaintiff contends that since Gasoline Marketers no longer exists, Mapco is the only entity which can maintain the present action against the Defendants.

A city does not have more power than a county to issue licenses, but does have more power to place restrictions upon the issuance of licenses. *Watkins v. Naifeh,* 635 S.W.2d 104 (Tenn.1982). Plaintiff–Appellant does not contest the power of the City of Bolivar to adopt a 500 foot rule, nor the power to revoke in order to restore the validity of the ordinance. Plaintiff avers that the revocation of their license creates a significant hardship and they contend they are entitled to have their permit restored.

In *Needham v. Beer Bd. of Blount County,* 647 S.W.2d 226 (Tenn.1983), we discussed the actions of the Blount County Beer Board in revoking permits in order to restore its 2,000 foot rule. In holding that the Beer Board properly revoked such permits, we held:

"A license to sell liquor [or beer] is not a contract by right of property but is merely a temporary permit to do that which would otherwise be unlawful." *McClellan v. State of Tennessee,* 199 Tenn. 60, 64, 282 S.W.2d 631 (1955); *Coffman v. Washington County Beer Board,* 615 S.W.2d 675, 676 (Tenn.1981). There is no property right in a permit to sell beer. *Sparks v. Beer Committee of Blount County,* 207 Tenn. 312, 314 [339 S.W.2d 23] (1960)." 647 S.W.2d at 230, 231.

Plaintiff admits that a contractual assignment or sale of a permit is invalid under Tennessee case law. However, Plaintiff contends that there is a significant distinction between a sale or assignment by contract which purports to pass title from one to another, and a merger of corporations whereby a statute operates to vest a surviving corporation with all possible interests of its constituent corporation. Plaintiff asserts that when it became vested with all of the interests of its constituent corporation, the beer permit in question also vested in it by operation of law and that no further action on its part was necessary, that no new permit needed to be issued in any other name.

In *McBride v. State,* 195 Tenn. 308, 259 S.W.2d 533 (1953), Justice Burnett, speaking for the Court, stated: "The case involves the question of whether or not one may sell beer upon a permit issued in the name of another or in other words, whether a permit to sell beer is assignable." The Court found that "a permit issued to one person might not be used lawfully by another despite the fact that the location re-

mained the same." 195 Tenn. at 309, 310, 259 S.W.2d 533. In *McBride,* plaintiff had no permit in his own name and had never sought a permit. The purported transfer of the permit "did not vest in plaintiff any right or permit to sell beer at this location." 195 Tenn. at 311, 259 S.W.2d 533.

In the case at bar, Mapco has no permit in the corporate name and took no steps to seek a new permit to sell beer in accordance with T.C.A. § 57–5–104. That section requires the making of an application and the obtaining of a permit before one can lawfully sell or distribute beer in a city or county. The purpose of the statute is to allow the beer board, in this case, to review and evaluate the qualifications and moral character of the applicant.

■ We are of the opinion that a permit to sell beer is not transferable by merger and does not pass to a surviving corporation. The original holder of the permit to sell beer, Gasoline Marketers, no longer exists. Under T.C.A. § 57–5–104, a new permit must be sought in the name of the new entity. This has not been done.

■ Having found that the beer permit issued to Gasoline Marketers is not transferable to Plaintiff, we are constrained to hold that Plaintiff has no standing and that the Chancellor did not err in granting Defendant's motion to dismiss. This case is not controlled by *Needham v. Beer Bd. of Blount County, supra,* for in *Needham* plaintiff was the original holder of the permit to sell beer. The hardship suffered by Needham was caused by the revocation of *his* permit in order that the city could restore its distance ordinance.

The judgment of the Chancellor is affirmed and the costs of this appeal are taxed to Plaintiff-Appellant.

FONES, COOPER, HARBISON and O'BRIEN, JJ., concur.