## STATE vs. PETER GRECO.

EMBEZZLEMENT—ELEMENTS—VALUE—INDICTMENT.

Under *Rev. Code* 1915, § 4749, declaring guilty one who, being a bailee of "property the subject of larceny," shall embezzle or fraudulently convert it to his own use, value is not an essential element, and need not be alleged or proved; but charging embezzlement of certain personal property, to wit, an article of jewelry, commonly called a stick pin, is sufficient as an allegation of property the subject of larceny.

(*September* 21, 1917.)

CONRAD, J., sitting.

*David J. Reinhardt*, Attorney General, for the State.

*J. Frank Ball* for defendant.

Court of General Sessions, New Castle County, September Term, 1917.

INDICTMENT for embezzlement, No. 47, September Term, 1917.

Peter Greco was indicted for embezzlement. Verdict of guilty, and new trial refused.

Peter Greco was indicted for the embezzlement of a stick pin, as to which no value was alleged in the indictment or proved at the trial. At the completion of state's testimony in chief, counsel for defendant asked that the jury be instructed to return a verdict of not guilty, on the ground that the value of the embezzled personal property had not been proven.

The Attorney General replied that the indictment was found under *Section* 4749, *Code* 1915; that it is not necessary to prove value under the statute; that no value was alleged in the indictment, and that unless it is necessary to be alleged in the indictment, it is not necessary to prove it (*Joyce on Indict.* § 250); that the only question is whether the court will take judicial notice that a stick pin is an article of personal property, the subject of larceny.

CONRAD, J.   We decline the motion for binding instructions.

At the conclusion of the testimony, counsel for defendant prayed the court to instruct the jury to return a verdict of not guilty, on the same ground as before.   Upon this prayer,

CONRAD, J., charged the jury:

The prisoner at the bar, Peter Greco, is charged in this indictment with the embezzlement of one stick pin, laid as the property of George Stevens.

In this indictment the value of the stick pin is not alleged, and no attempt was made to prove that.   So far as that question is concerned the value of the property converted is not an element of the crime of embezzlement, and the failure to prove value is not a sufficient ground for instructing the jury to find a verdict of not guilty.   We consider the matter of the value of the property immaterial here.

Verdict, guilty.

Whereupon there was a motion for a new trial and in arrest of judgment on the grounds: (1) That the verdict was against the evidence and against the law.   (2)   That the court erred:

(a)   In charging the jury that "in this indictment the value of the stick pin is not alleged and no attempt was made to prove that.   So far as that question is concerned the value of the property converted is not an element of the crime of embezzlement, and the failure to prove the value is not a sufficient ground for instructing the jury to find a verdict of not guilty.   We consider the matter of the value of the property immaterial here."   (b) That "this court has defined the crime of embezzlement to be a fraudulent appropriation of another's property by a person to whom it is entrusted or into whose hands it has lawfully come." (c)   That "the duty is upon the state to prove in this matter of embezzlement the essential elements of the crime, that is, it should prove the main, essential elements that go to make up the crime, which is the wrongful conversion of something entrusted to another."   (3)   That the indictment shows on its face that no crime was committed in violation of any law of the State of Delaware.   (4)   That the indictment fails to show on its face that the property alleged to have been embezzled was the subject of larceny as contemplated by *Rev. Code* 1915, §4749.

CONRAD, J., delivering the opinion of the court:

A review of the briefs filed in this case and on which argument was made on the motion for a new trial and in arrest of judgment convinces the court that no mistake was made by the court in its rulings in the case on the trial.

The cases cited by the state are conclusive in settling the law that no value need be alleged nor proven in indictments for embezzlement, as value is in no way an essential ingredient or element of the crime charged.   The allegation under the indictment in this case was "the embezzlement of certain personal property, to wit, an article of jewelry, commonly called a stick pin"; and this was clearly an allegation of "property the subject of larceny," and sufficient to satisfy the wording of the statute.

The motion for a new trial and in arrest of judgment is refused.