STATE *ex rel.* SIMMONS *v.* LATIMER *et al.*

(*Jackson*, April Term, 1948.)

Opinion filed June 12, 1948.

JOHN W. HART and J. H. GLOVER, both of Union City, for plaintiff in error.

GEORGE C. CLOYS, of Union City, for defendant in error.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This appeal is by relator from the action of the Circuit Judge in refusing *mandamus* to compel the defendants, composing the Beer Committee of Obion County, to license relator to sell beer at his general store in the County.

The relator had formerly had a beer license but this had expired. The present application to the Beer Committee was in effect, one for renewal of that expired license. There was a hearing before the Beer Committee and witnesses testified both for and against the application. After deliberation, the Beer Committee denied the application and the relator filed this proceeding in the Circuit Court for writ of *mandamus* to compel favorable action on the application by the Committee.

The Judge did not require defendants to plead, but on consideration of the bill refused the writ. The relator has perfected appeal and made numerous assignments of error.

We find it unnecessary to consider these assignments severally since we conclude that the bill sought to compel discretionary action by the Beer Committee and, therefore, sought relief which was beyond the power of the Judge to grant by writ of *mandamus*.

■ After study of the record we conclude (1) that under the facts here, refusal of the writ was in the sound discretion of the Trial Judge. *Harris* v. *State ex rel.*, 96 Tenn. 496, 34 S. W. 1017; *State ex rel.* v. *Enloe*, 121 Tenn. 347, 117 S. W. 223; *State ex rel. Cravens* v. *Delk*, 175 Tenn. 614, 136 S. W. (2d) 524; *State ex rel.* v. *Stooksbury*, 176 Tenn. 687, 145 S. W. (2d) 775.

■ (2) That the bill sought to compel the Beer Committee to reverse an exercise of discretion, that is to say, to grant the license when, after deliberation and on supporting evidence, application for the license had been refused. Bill for *mandamus* cannot be filed successfully against a licensing Board to compel an exercise of discretion. *State ex rel.* v. *Beasley*, (3 cases), 182 Tenn. 519, 523, 529, 188 S. W. (2d) 332; *Wright* v. *State*, 171 Tenn. 628, 106 S. W. (2d) 866; *Cravens* v. *Storie, Mayor*, 175 Tenn. 285, 133 S. W. (2d) 609; *State ex rel. Cravens* v. *Delk, supra; Henderson* v. *Grundy Co. Beer Committee*, 176 Tenn. 397, 141 S. W. (2d) 901; *State ex rel.* v. *Beasley, supra.*

■ County beer licensing committees have broad discretionary power and their decisions will not be disturbed by the Courts unless there is clear abuse of discretion and their action is arbitrary and illegal. Chapter 53, Public Acts 1943; *Putnam County Beer Board* v. *Speck*, 184 Tenn. 616, 620, 201 S. W. (2d) 991; *Cravens* v. *Storie, Mayor, supra; State ex rel. Cravens* v. *Delk, supra.*

Relator undertakes to support the appeal by argument that the Magistrates of the several Districts of Obion County were allowed by the Beer Committee to say whether licenses should be granted applicants in the several Districts, and that, therefore, decision on the application was by the Magistrates and not by the Beer Com-

580

mittee. We find no evidence in the record to support this argument and, therefore, questions presented by the assignments on this argument are not before use for decision.

The judgment is affirmed at relator's cost.

All concur.