Otto F. Manuel and P. T. Cobb *v.* James R. Eckel, Chairman Knox County Beer Committee.

(*Knoxville,* September Term, 1955.)

Opinion filed December 9, 1955.

Raymond H. Moseley, of Knoxville, for plaintiffs in error.

F. B. Creekmore, William E. Cooper and Earl S. Ailor, all of Knoxville, for defendant in error.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

This appeal represents an effort by the two above named citizens of Knox County owning property therein, to obtain by writ of certiorari a review of the action of the Beer Committee of Knox County in issuing a permit to James Knox Copeland to sell package beer at a location alongside Route # 17 known as Solway Road in Knox County which extends from the city limits of Knoxville to the City of Oak Ridge.

The substance of the petition for certiorari filed in the Circuit Court was that the Beer Committee denied to the two petitioners and to several hundred residents of the Oak Ridge Highway area the right to be heard and to cross-examine witnesses; it is further averred and admitted in the pleadings that after the said Copeland filed his application for a permit on July 14, 1954, the County Court on July 19, 1954, passed a resolution ''that no permits be issued henceforth for the retail sale of beer, package, or otherwise, along Solway Road. * * *'' But in spite of said resolution the Beer Committee on August 14, 1954, issued said permit.

The Circuit Judge made a finding ''that since said petitioners predicated their position on section 1191.14

of the Code of Tennessee, as amended,'' he accordingly dismissed the petition.

Several questions are raised in the brief of appellants but are immaterial to a proper disposition of the case.

■ We are of opinion that the Circuit Judge was correct in dismissing the petition on the authority of *State ex rel. Camper* v. *Pollard,* 189 Tenn. 86, 222 S. W. (2d) 374. There this Court held that the statute does not provide for a hearing upon the question of whether an application for a permit shall be granted or refused. In that case it was the applicant for a permit who sought a hearing. It would seem to follow necessarily that if a person directly interested as an applicant for a permit is not entitled to a hearing that neither would one be so entitled whose interest is simply that of the citizen. The discretion vested in the Beer Committee is very broad.

■■ Further, with reference to the complaint that the Beer Committee issued the permit in spite of the resolution of the County Court, it is said in the cited case, 189 Tenn, at page 91, 222 S. W. (2d) at page 376, ''That committee serves at its will and pleasure. State ex rel. Thurman v. Scott, 184 Tenn. 76, 80, 195 S. W. (2d) 617. If the beer committee is not acting in accordance with the wishes of the county (its Quarterly Court), the discharge of that committee may be effected at once and a committee representing the wishes of this county within the law may be substituted.'' It seems obvious that the relief for petitioners, if any, would be in inducing the County Court to take such action as is indicated by the language above rather than through a writ of certiorari, as here attempted.

The judgment of the lower Court is affirmed with costs.

BURNETT, Justice, not participating.