B. F. CHANABERRY et al., Constituting the Knox County Beer Committee

*v.*

MARGARET GALBRAITH GORDY

(*Knoxville,* September Term, 1955)

(May Session, 1956)

Opinion filed June 8, 1956.

Earl S. Ailor, Knox County Solicitor, and Foster D. Arnett, Knoxville, for plaintiff in error.

Erby L. Jenkins, Chas. A. Maner and Robt. P. McClure, Knoxville, for defendant in error.

Mr. Justice Burnett delivered the opinion of the Court.

This is another lawsuit over a beer permit. The defendant in error, Gordy, and her husband had been

granted a permit for the sale of beer in the Sandstone Grill in Knox County. The County Beer Committee had notified these parties to show cause why their beer permit should not be revoked and that evidence would be heard on the question of revoking their permit in accordance with the Statute, T.C.A. sec. 57-209.

In compliance with this notice the matter was continued from time to time until the March meeting of the Board when numerous witnesses testified in the matter. The matter was again continued over until the April meeting when witnesses were heard. At this April meeting no final action was taken. A motion made by one of the Squires, at that meeting, lost for want of a second. At that same meeting a motion to dismiss the citation for the revocation of the license also lost for the failure of a second. At that meeting there was also another motion to refer the matter to the District Attorney General's office for investigation in reference to certain evidence that had been heard to the effect that the husband of the holder of the permit had said that he could buy a license through the Board for some $200 or something to that effect. This reference by the Beer Board to the Distric Attorney General was in reference to the bribery feature. The matter was then continued and at the meeting of the Board on May 28, 1955, the Board voted to revoke the permit.

At this May meeting wherein the permit was revoked no proof was had. According to a stipulation, which was filed at the time the petition for *certiorari* was filed in the Circuit Court, it was stipulated that some days prior to the May meeting of the County Beer Board counsel for the defendant in error contacted the Chairman of that Board and was informed that the question of

revocation of his client's license would not come up at that meeting. Since counsel was to be out of town he contacted the County Solicitor and wrote the County Solicitor a letter to that effect and inferentially these attorneys agreed that the matter would be passed. The stipulation provides, too, in reference to this matter that at the meeting of the Board on May 30, when the license was revoked, one of the members of the Committee moved to revoke the permit and at that time the County Solicitor stated to the Committee the substance of the letter to him in reference to the fact that he would be out of town and the matter was not to be considered at that meeting. The County Solicitor advised "the Board should not hear the matter in his absence in view of the fact that neither he nor his client were present". Regardless of this advice the Committee acted and revoked the license.

It was further stipulated that one of the members of this Committee voting to revoke this license was not present at the April meeting when proof was heard on the motion to revoke and yet this member voted at the May meeting to revoke this permit.

Under such a state of facts and averments in the petion for *certiorari* and on a stipulation filed signed by a majority of the Committee, along with the County Solicitor, a *certiorari* was granted. Under such a state of facts as stipulated above the acting Circuit Judge set aside the action of the Beer Board and ordered them to reinstate the beer license. A motion for a new trial was seasonably made, heard and overruled and an appeal was perfected to this Court where arguments have been had. The matter now comes on for disposition.

■■ We must first keep in mind that the scope of review- in these beer- cases is expressly limited by the statute above set forth, T.C.A. sec. 57-209, to that as prescribed in the common law writ of *certiorari*. *Anderson v. Putnam County Beer Board,* 184 Tenn. 623, 627, 201 S.W.2d 994; *Sowell v. Red,* 192 Tenn. 681, 241 S.W.2d 775, and others. Such a writ plainly and clearly applies when the Board or the officers acting as such have exceeded their jurisdiction as conferred upon them by statute or when they are acting arbitrarily and illegally. It seems to us that clearly there is that arbitrary action here by this Board which justifies and demands that the Court grant the *certiorari* prayed for. Here the Board, though advised by the County Solicitor who under the law is likewise their attorney, went ahead arbitrarily and heard the matter and revoked the license. This was done even after the Board was advised that the chairman of that Board had told the people who were to be before the Board that they would not be heard at that time. The County Solicitor had likewise advised them that they should not hear it in view of that fact. We cannot imagine any more arbitrary action than this was by that Board.

■ We think too that for a member of that Board, who had not heard the evidence, to vote on the revocation of a license either one way or the other was certainly an illegal act on that member's part. This Beer Board at the very least that can be said acted in a quasi-judicial manner. In thus acting each member of the Board that acts should hear the evidence pro and con on the questions that come before the Board.

T.C.A. sec. 57-209 "expressly gives the holder of a permit a right to a hearing in the manner pointed out by

the statute upon the question of revoking his permit. *·*
On the other hand, once the application is granted and
the applicant has arranged his affairs accordingly, it
would be unreasonable and oppressive to permit its revo-
cation without any cause whatsoever. *Wise v. McCan-
less,* 183 Tenn. 107, 114, 191 S.W.2d 169. No doubt, it
was to guard against such a situation that the Legisla-
ture provided in Code Section 1191.14 [T.C.A. 57-209]
for formal hearing prior to revocation." *State ex. rel.
Camper v. Pollard,* 189 Tenn. 86, 222 S.W.2d 374, 375.

█ The stipulation herein further stipulated that
when the proof was heard at the April meeting there was
no motion made to continue the matter. It was stipu-
lated that in addition to the question of the bribery above
referred to which was submitted to the District Attorney
that the question of whether or not the Committee could
"enforce attendance of witnesses when the matter was
next to be heard" was also submitted to the District At-
torney General. Of course the District Attorney Gen-
eral is not the legal advisor of the Beer Committee and
as far as we know there is no authority of law to ask
such an opinion of him. This is a function of the County
Solicitor under the act applying to Knox County. Never-
theless this stipulation clearly shows that it was the in-
tention, at that time, that is, at the April hearing, that
the matter be continued for further proof and to try to
get additional witnesses before this Board. This being
true clearly the hearing before the Board had not been
completed. Under such circumstances we feel that the
Circuit Judge should have sustained the *certiorari* for
reason of the arbitrary and illegal acts of the Commit-
tee and have referred the matter back to this Committee
to complete its hearing and then take final action. It

seems to us that the case of *Bragg v. Boyd,* 193 Tenn. 507, 246 S.W.2d 575 sets out the reason and authority of why this can be done. It is therefore needless for us to again go into the reasons other than those that are obvious from what has heretofore been said and that can be found by reading of the Bragg case referred to.

For the reasons stated the judgment below will be modified and affirmed. The cause is remanded to the Circuit Court for the purpose of carrying out this opinion. The costs here and in the Circuit Court will be adjudged against Knox County.