THE FENTRESS COUNTY BEER BOARD, Appellant,

*v.*

BOYD C. CRAVENS, Appellee.

356 S. W. 2d 260.

(*Nashville,* December Term, 1961.)

Opinion filed April 4, 1962.

NEAL & CRAVEN, Jamestown, for appellant.

MAXEY & OAKLEY, Livingston, ALLEN M. O'BRIEN, Springfield, for appellee.

Mr. Justice Felts delivered the opinion of the Court.

This case involves a challenge of the constitutionality of Chapter 105, Public Acts of 1961, amending our beer statutes (1950 Code Supp. sec. 1191.14, now T.C.A. secs. 57-205, 57-209) so as to provide that an applicant, on compliance with all requirements of the law, shall be issued a permit to sell beer; and that if refused the permit, he may have such refusal reviewed by the statutory writ of certiorari.

On April 21, 1961, Boyd C. Cravens filed in the Chancery Court of Fentress County a petition for the statutory writ of certiorari, or certiorari in lieu of an appeal, seeking a review *de novo* of the action of the defendants, the Fentress County Beer Board, in refusing to issue him a permit to sell beer in that county on his premises located on U. S. Highway No. 127 some four miles from the city limits of Jamestown.

The petition alleged that on April 8, 1961, he filed with the Board an application for such permit which was in proper form and fully complied with the law in all respects; that he was legally entitled to be issued a per-

mit; that the Board refused to issue him a permit and refused to grant him a hearing upon his application; and that in so doing, they acted illegally and arbitrarily; and he prayed that his petition be sustained and that he be issued the permit.

Defendant filed a demurrer, but made no return to the writ, since there had been no hearing or proceedings before them. The demurrer was overruled, and an answer filed, and the cause was heard upon proof adduced before the Chancellor. Petitioner was supported by a number of witnesses, including the Mayor of Jamestown and other leading citizens, all of whom said he had a good character. Defendants admitted this was true, and that they had refused to hear his application only because they were opposed to the sale of beer and would not issue a permit to anyone.

Chancellor Officer found that the facts stated in the petition were true; that petitioner's application complied with all the requirements of the law and he was entitled to have the Board issue him the permit; and that in refusing to do so, they acted "illegally, arbitrarily, capriciously and without any legal right or authorization." He accordingly entered a decree sustaining the petition and directing defendants to issue the permit to petitioner.

Defendants appealed in error and insist that under our statute (T.C.A. secs. 57-205, 57-209), prior to this 1961 amendment, petitioner had no legal right to a permit or to complain of their denial of a hearing on his application therefor; that his only remedy for review of their action was the common law writ of certiorari;

and that this amendment, undertaking to give him such a right and afford him a review by statutory certiorari, was unconstitutional; that the Chancellor should have so held, and denied petitioner any relief.

Our statute (Acts 1933, ch. 69, now T.C.A. sec. 57-201) legalized the manufacture and sale of beer in Tennessee. But it provided no one could engage in such business without first obtaining a permit and a license from the local authorities (the city, if the business was to be therein, if outside the city, the quarterly court), and left a large discretion to such authorities in issuing and revoking permits. *Wright v. State,* 171 Tenn. 628, 636-638, 106 S.W.2d 866; *Gatlinburg Beer Reg. Committee v. Ogle,* 185 Tenn. 482, 487-8, 206 S.W.2d 891.

This statute (Acts 1933, ch. 69) was amended by chapter 53, Acts 1943 (1950 Code Supp., sec. 1191.14, now T.C.A. sec. 57-209), so as to provide that the action of such an agency in revoking such license or permit might be reviewed by the "common law writ of certiorari", and that this should be the "only method" of review. *Putnam County Beer Board v. Speck,* 184 Tenn. 616, 201 S.W.2d 991; *Shelton v. Mooneyhan,* 205 Tenn. 425, 431, 326 S.W.2d 825.

Construing section 1191.14, we held that it made a distinction between the issuance of a permit and the revocation of a permit; that the holder of a permit had a legal right to a hearing before it could be revoked, but an applicant for a permit had no legal right to complain of denial of his application without a hearing. *State ex rel. Camper v. Pollard,* 189 Tenn 86, 89-91, 222 S.W.2d 374; *Manuel v. Eckel,* 199 Tenn. 234, 236, 285 S.W.2d 360;

*Chanaberry v. Gordy,* 200 Tenn. 220, 224-225, 292 S.W.2d 18.

Thus, under our statute (1191.14; T.C.A. secs. 57-205, 57-209), the law was that when one's permit was revoked, his right of review was only by the common law writ of certiorari (1932 Code, sec. 8989; T.C.A. sec. 27-801)—a right limited to an examination of the transcript of the proceedings before the Board, and a determination of whether the Board had acted fraudulently, illegally, or exceeded its jurisdiction (*Putnam County Beer Bd. v. Speck,* supra; *Boyd v. G. M. A. C.,* 205 Tenn. 658, 668, 330 S.W.2d 13); and that one whose application for a permit was denied had no remedy at all. *State ex rel. Camper v. Pollard,* supra.

So, the Legislature passed Chapter 105, Public Acts 1961 (effective February 24, 1961), amending T.C.A. secs. 57-205 and 57-209 in the three following particulars, to wit:

*First.* It amended sec. 57-205 by adding at the end of said section a new provision as follows:

"Any applicant seeking a license or permit under this section and who complies with the conditions and provisions of this section shall have issued to him the necessary license or permit and in the event said license or permit is refused, the applicant shall be entitled to a hearing on his application for the issuance of a license or permit. The refusal to grant a license or permit, or the refusal to grant a hearing upon a person's application for a license or permit may be reviewed by the circuit or chancery court in the manner as authorized under sec. 57-209 [Tennessee Code Annotated]."

*Second.* It amended section 57-209 by striking out of said section the following two sentences:

"The action of such agency in the revocation of a license may be reviewed by petition for common law writ of certiorari addressed to the circuit court of the county in which such revocation occurred. Such petition shall be filed within ten (10) days from the date the order of revocation is made."

and by substituting in lieu thereof the following:

"The action of such agency in connection with the issuance of any order of any kind, including the revocation of a license or permit or the refusal to grant a license or permit under secs. 57-205, 57-208 and 57-209 [Tennessee Code Annotated, such action] may be reviewed by statutory writ of certiorari, with a trial de novo as a substitute for an appeal, said petition of a certiorari to be addressed to the circuit or chancery court of the county in which any such order was issued."

*Third.* It further amended section 57-209 by striking out of section 57-209 the following sentence:

"Said action shall be reviewed by the circuit court solely upon the transcript of the proceedings before the revoking agency, and neither party shall be entitled to introduce new evidence in the circuit court."

and by substituting in lieu thereof the following:

"Provided further, the provisions of this section shall be the sole remedy and exclusive method of review of any action or order that may have been issued by any quarterly county court, or any committee appointed

by any quarterly county court, or from any board or commission authorized under secs. 57-205 and 57-208 [Tennessee Code Annotated], including the refusal or failure to grant an license or permit. The provisions of secs. 27-901—27-913 [Tennessee Code Annotated] shall be applicable in connection with such review.''

Thus, this Act expresses the legislative intent to amend the statute so as to provide that an applicant for a license or permit, who complies with all the legal requirements, shall be entitled to have such license or permit issued to him; and that if the same is refused, he shall have a right to have the board's refusal reviewed by the statutory writ of certiorari, or certiorari in lieu of an appeal, ''with a trial *de novo*,'' under the procedure outlined in T.C.A. secs. 27-901 through 27-913.

Section 27-901 provides that anyone aggrieved by a final order or judgment of ''any board or commission'' may have the same reviewed by the courts, ''where not otherwise specifically provided, in the manner provided by this chapter.'' Later sections give the circuit and chancery courts concurrent jurisdiction, and outline the procedure.

Section 27-911 provides for a hearing *de novo;* that is, that the ''hearing shall be on the proof introduced before the board or commission contained in the transcript, and upon such other evidence as either party may desire to introduce''; and that the Chancellor ''shall weigh the evidence and determine the [findings of] facts by the preponderance of the proof.''

It is true that T.C.A. secs. 27-901—27-913 do not destroy the distinction between the common law writ of certiorari (T.C.A. sec. 27-801) and the statutory writ of certiorari,

in lieu of an appeal (sec. 27-802); and that these sections prescribe the procedure for both writs (*Hoover Motor Exp. Co. v. R. R. & Pub. Util. Comm.*, 195 Tenn. 593, 604, 608-615, 261 S.W.2d 233); but so much of the statutes as prescribe a *de novo* hearing apply exclusively to the statutory writ.

As we have seen, the Act here under consideration expressly provides that the statutory writ shall be the sole and exclusive method of review of any action and order of the board in refusing a license or permit or denying a hearing of an application therefor. It was competent for the Legislature to provide this method of review of such action of the board. T.C.A. sec. 27-901. *Staples v. Brown*, 113 Tenn. 639, 644, 85 S.W. 254; *Prosterman v. Tenn. State Bd. of Dental Examiners*, 168 Tenn. 16, 22, 73 S.W.2d 687.

As we have seen, the statute (Acts 1933, ch. 69, now T.C.A. sec. 57-201), legalizing the sale of beer in this State and providing for issuance and revocation of permits by local boards, made no provision for an appeal from the action of such boards. Therefore, it was thought that the right of review would be governed by the statute providing that "where no appeal is given," the remedy is the statutory writ of certiorari (1932 Code 8990, now sec. 27-802). So, the Legislature amended the statute by enacting chapter 53, Acts 1943, providing the sole remedy of review was the common law writ of certiorari.

It seems clear that, but for the Act of 1943, the right of review of the board's action was by the statutory writ

of certiorari, in lieu of an appeal; and it was so held by this Court in *Putman Co. Beer Bd. v. Speck,* supra, and this ruling was changed after the 1943 Act was brought to the Court's attention upon a petition to rehear.

■ The Legislature had plenary power to prohibit the business of manufacture and sale of beer absolutely, or to legalize such business and license and regulate it as it saw fit, and to give an applicant a legal right to a permit on complying with the conditions prescribed, and a right to a review of the board's refusal of such permit by the statutory writ of certiorari.

■ The Legislature of our State is the reservoir of all the reserve power of the people, except as it may be limited by the state and federal constitutions, and may pass any and all laws unless restrained by a provision of either of such constitutions. *Ledgerwood v. Pitts,* 122 Tenn. 570, 589-590, 125 S.W. 1036. We are pointed to no such provision restraining the Legislature from passing the Act here involved.

■ It is suggested that the Act is unconstitutional in that it requires the courts to exercise administrative funcions in reviewing the actions of the boards by the statutory writ of certiorari. We think there is no merit in this contention.

The Act gives an applicant a legal right to a hearing and to issuance of a permit upon compliance with the prescribed conditions. In reviewing such right, the Court is exercising judicial, not administrative, functions, in the same way as in reviewing the actions of other boards

or commissions, functioning under the laws of this State, by the statutory writ of certiorari.

For these reasons, we think the Act is not unconstitutional, but is valid; and that the decree of the Chancellor in so holding was correct and it is accordingly affirmed. The costs of the cause are adjudged against defendants-plaintiffs in error, and the surety on their appeal bond.