METROPOLITAN BEER PERMIT BOARD, Plaintiff in Error,

*v.*

BONNIE JEAN ELKINS, Defendant in Error.

453 S.W.2d 769.

(*Nashville,* December Term, 1969.)

Opinion filed April 6, 1970.

JOE M. RAGLAND, Nashville, for plaintiff in error.

P. V. JACKSON, III, Nashville, for defendant in error.

PER CURIAM.

The Metropolitan Beer Permit Board suspended for a period of ninety days the beer permit held by Bonnie Jean Elkins. Upon appeal by writ of certiorari the Circuit Judge reversed the action of the Beer Board, resulting in appeal to this Court.

The Trial Judge treated the petition for certiorari as being filed pursuant to Article 6, Section 10, of the Constitution of the State of Tennessee. The Beed Board contends T.C.A. sec. 57-209 provides the exclusive method of court review of action of beer boards, which makes the issue here on appeal.

The Trial Judge found T.C.A. sec. 57-209 was a legislative attempt to require the courts to sit as super-beer boards performing administrative functions in violation of the separation of powers doctrine. The Trial Judge further found T.C.A. sec. 57-209 was unconstitutional to the extent it undertakes to abolish the constitutional writ of certiorari.

The issues raised here have been answered in *Fentress County Beer Board v. Cravens*, 209 Tenn. 679, 356 S.W.2d 260 (1961). In this case the constitutionality of the beer

statutes, including T.C.A. sec. 57-209, was at issue and this Court found them constitutional.

■ On the issue of courts performing administrative functions, we stated in *Fentress County Beer Board v. Cravens,* supra, the court reviewing such is exercising judicial not administrative functions in the same way as we review actions of other boards or commissions functioning under the laws of this State.

■ On the issue of statutory writ of certiorari authorized by T.C.A. sec. 57-209 being in conflict with the constitutional writ of certiorari authorized by Article 6, Section 10, of our Constitution, we held in the *Fentress County Beer Board* case it was competent for the Legislature to provide review by statutory writ of certiorari. This statutory writ is in no way in conflict with the constitutional writ. The statutory writ expands the scope of review over and above that allowed by the constitutional writ.

The judgment of the lower court is reversed and the case remanded to be tried in accordance with T.C.A. sec. 57-209.