**Irvin BICOW et al., Petitioners-Plaintiffs,**

**v.**

**DELAWARE ALCOHOLIC BEVERAGE CONTROL COMMISSION and White Clay Liquors, Inc., Respondents-Defendants.**

Superior Court of Delaware,
New Castle.

Sept. 26, 1972.

Howard M. Handelman, of Bayard, Brill & Handelman, Wilmington, for petitioners-plaintiffs.

Gerald C. Foulk, Wilmington, for respondent-defendant, Delaware Alcoholic Beverage Control Commission.

E. Norman Veasey, of Richards, Layton & Finger, Wilmington, for respondent-defendant, White Clay Liquors, Inc.

TAYLOR, Judge.

This is a motion to dismiss a certiorari action brought to challenge the legality of a liquor license granted by the Delaware Alcoholic Beverage Control Commission. Petitioners are three residents of the neighborhood who appeared and protested the granting of the license before the Commission. The same petitioners undertook an appeal from the granting of the license, and the appeal was dismissed by this Court upon the authority of Ahner v. Delaware Alcoholic Beverage Control Commission, 237 A.2d 706 (Del.Supr.1967) which held that a party for purposes of an appeal from the granting of a liquor license must consist of at least ten residents. The dismissal of the appeal was affirmed by the Supreme Court.

The first attack upon the certiorari proceeding is that a certiorari proceeding litigating a liquor license decision must meet the same requirement of ten residents that applies to an appeal. 4 Del.C., Sec. 541 requires action by at least ten residents in order to invoke the hearing provisions before the Commission. It further provides for an appeal from the decision of the Commission to the Superior Court by "a party to such hearing". The Delaware Supreme Court in Ahner v. Delaware Alcoholic Beverage Control Commission, supra, held that the language and history of the statute require that the "party to such hearing" shall consist of at least ten residents of the neighborhood. When the appeal from the granting of the liquor license which is here under attack was dismissed by the Supreme Court because of failure to have ten residents, the Court observed that it was not commenting about the rights of the petitioners to relief on theories other than the appeal.[1] The issue before this Court is whether the same requirement of ten residents is applicable with respect to a certiorari proceeding challenging the legality of an action of the Commission.

---

1. This language indicates that the Supreme Court has given no consideration to the position of the parties as to certiorari and no inference is drawn from the language.

The Court will consider who is entitled to petition for a writ of certiorari challenging the validity of the granting of a liquor license without deciding the availability of certiorari for such purpose in Delaware. However, the Court notes that a number of states do permit certiorari for that purpose. 48 C.J.S. Intoxicating Liquors § 164, p. 269.

Over the years this State has had variety of procedures for granting liquor licenses. At one time liquor licenses were granted by the Court of General Sessions. Revised Delaware Code of 1915, par. 161–3; see Law and Order Society of Wilmington v. Pierce, 6 Boyce 589, 102 A. 62 (Gen. Sess.1917). In 1933, after repeal of the 18th Amendment to the United States Constitution, a Commission composed of one member was established to grant licenses, without statutory provision for a public hearing before the Commission, with a right of judicial review granted only to the applicant. 38 Del.Laws, Ch. 18, Secs. 21, 22. Subsequently, the law was amended to permit a hearing before the Commission upon application of ten property owners in the neighborhood, (42 Del.Laws, Ch. 188, Sec. 1), with right of appeal by the "parties to such hearing". 43 Del.Laws, Ch. 275, Sec. 2. The 1953 Code referred to an appellant as "party to such hearing".

In discussing the effect of 4 Del.C., Sec. 541, the Court of General Sessions in Application of Pepper, 4 Terry 568, 54 A.2d 173, (Gen.Sess.1947) stated (at page 175):

"Unquestionably, one or two persons could be found in every community who would object to an application for a license for conscientious reasons or for personal motive and, apparently, it was that very kind of protest which the Legislature was seeking to guard against. The granting of liquor licenses being a matter of public moment, it was no doubt desired to prevent a small number from creating litigation in every case regardless of how material the license might be to public convenience."

This holding was cited with approval by the Delaware Supreme Court in Ahner v. Delaware Alcoholic Beverage Control Commission, *supra*, and the Court stated that a change from requirement that litigation be pursued by ten residents to permitting a single resident to pursue litigation would be "an important change of policy".

■ It is fundamental to the concept of certiorari that such a writ may be petitioned only by "a party who considers himself aggrieved by the determination of his rights". 1 Woolley on Delaware Practice, p. 623 Sec. 894. The writ may be brought only by one who is directly affected by the proceeding to be reviewed. 14 Am.Jur.2d 808, Certiorari Sec. 31.

■ It has been held that in the absence of statutory provision, a member of the public does not have such an interest in a proceeding for the granting or denial of a liquor license to institute a certiorari proceeding with respect to the license. Manuel v. Eckel, 199 Tenn. 234, 285 S.W.2d 360 (1955). In Schneider v. Raynolds, 86 R.I. 215, 134 A.2d 57 (1957) certiorari was denied to a member of the public on the ground that, "he is not a party in form or substance to the license proceeding". The fact that a member of the public was permitted by a statute to appear and object to a liquor license application does not, of itself, entitle such person to appeal on the merits or to seek a writ of certiorari challenging a liquor license. In re Seitz, 157 Pa.Super. 553, 43 A.2d 547 (1945).

■ Based upon the principle discussed above, we must proceed from the premise that a member of the public, such as petitioners in this case, is not entitled to petition for a writ of certiorari challenging the validity of the granting of liquor license in the absence of statute upon which such action is founded. As noted above, the Delaware statute now grants to "a party to such hearing" the right of judicial review. The effect of the statutory provision is to grant to "a party to such hear-

ing" a status as a party in interest to permit such "party" to challenge the granting of a liquor license. "Party", in this statutory context, is not a single person. It is those who qualify for a public hearing, namely "ten residents of the neighborhood". Application of Pepper, supra; Ahner v. Delaware Alcoholic Beverage Control Commission, supra. Since the right of a person to seek judicial review of the granting or denial of a liquor license (by certiorari or otherwise) must rest upon statutory grant, the right to seek review, when granted, is subject to the limitations of the statute.

 This Court held in Becker v. State, 7 W.W.Harr. 454, 185 A. 92, (Del.Super. 1936) that a writ of certiorari is a writ of error, and the law and practice relative to writs of certiorari follow closely the law and procedure incidental to the ordinary proceedings in error, citing King's Adm'x v. Hudson's Adm'r, 2 Har. 135, and 1 Woolley on Delaware Practice, Sec. 895. The function of the writ of certiorari is to permit a party who considers himself aggrieved by the determination of his rights by an inferior court without or in excess of its jurisdiction or without compliance with requirements of the law to have the error corrected. 1 Woolley on Delaware Practice, Sec. 894, p. 623. Rule 5 of the Civil Rules of this Court refers to the "defendant in error" in certiorari proceedings.

Referring to the parallel between certiorari and appeal, Woolley states:

"The proceedings before Justices of the Peace may be reversed in the Superior Court, either on certiorari or on appeal. By the one the record is tried; by the other the case is heard on its merits. A party aggrieved by the judgment of a Justice may resort to either or both of these remedies for redress. The remedy by appeal is cummulative on the common law right to the certiorari, and the choice of one is not an abandonment of the other." 1 Woolley on Delaware Practice, p. 627, Sec. 900.

Thus, because of the close relationship between appeal and certiorari, the policy made specifically applicable by statute to an appeal from a decision of the Delaware Alcoholic Beverage Control Commission applies equally to a certiorari proceeding dealing with the same subject.

Based upon the reasons discussed above, the Court holds that the statutory requirement that there be at least ten residents of the neighborhood to constitute a "party" must be satisfied to qualify as a "party" to appellate review by certiorari proceeding challenging the legality of the granting of a liquor license. Since the requisite number to constitute a "party" are not present in this proceeding, the motion to dismiss is granted.

It is so ordered.