# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 12, 1999

# WILLIAM H. HORTON v. TENNESSEE DEPT. OF CORRECTION, ET AL.

### Appeal from the Chancery Court for Davidson County
### No. 98-612-II     Carol L. McCoy, Chancellor

---

### No. M1999-02798-COA-R3-CV - Filed September 26, 2002

---

This appeal involves a dispute between a prisoner and the Tennessee Department of Correction regarding two minor Class C disciplinary infractions. After his internal appeals were denied, the prisoner filed a petition for common-law writ of certiorari in the Chancery Court for Davidson County challenging three procedural aspects of the disciplinary hearings. The Department filed a Tenn. R. Civ. P. 12.02(6) motion to dismiss the petition. Instead of directing the Department to file the official records of the two proceedings, the trial court dismissed the prisoner's complaint regarding one proceeding and directed the Department to submit additional information regarding the other proceeding. After the Department submitted additional information, the trial court, now treating the Department's motion as a motion for summary judgment, dismissed the remainder of the prisoner's complaint. The prisoner has perfected this appeal. We have determine that the trial court properly dismissed the prisoner's challenges to the disciplinary proceeding regarding the being out of place infraction. However, we have determined that the prisoner has stated a claim with regard to the Department's compliance with Tenn. Dep't Corr. Policy No. 9502.01(VI)(D)(2) regarding the disrespect infraction. Therefore, we reverse the dismissal of this portion of the prisoner's petition and remand the case for further proceedings.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part and Vacated in Part

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN, J., joined. PATRICIA J. COTTRELL, J., filed a concurring opinion.

William H. Horton, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; and Pamela S. Lorch, Assistant Attorney General, for the appellee, Tennessee Department of Correction.

Tom Anderson, Jackson, Tennessee, for the appellee, Doctor R. Crants.

### OPINION

### I.

In November 1992, a Davidson County jury convicted William H. Horton of possessing cocaine with the intent to resell. The trial court subsequently sentenced him to twenty-one years in

the state penitentiary.[1] By 1997, Mr. Horton was an inmate in the South Central Correctional Center in Clifton, a prison managed by Corrections Corporation of America ("CCA") under a contract with the State of Tennessee. Mr. Horton had two separate run-ins with prison officials during the fall of 1997. First, he addressed a correctional officer as "boy." Later, in a separate incident, he lined up to go to the prison commissary while a count of prisoners was being taken. Prison officials charged him with a Class C disciplinary offense in each of these incidents.[2]

A prison disciplinary board composed of CCA employees conducted separate hearings regarding each of Mr. Horton's offenses. With regard to the first offense, the board found Mr. Horton guilty of disrespect and, as punishment, issued a written warning and imposed a two-month suspension of his ability to receive packages. At the second hearing, the board found Mr. Horton guilty of being out of place and issued him a verbal warning.[3] Mr. Horton's internal appeals to the Assistant Commissioner for Operations and the Commissioner of Correction were unsuccessful.

In March 1998, Mr. Horton filed a pro se petition for common-law writ of certiorari in the Chancery Court for Davidson County challenging the legality of both disciplinary proceedings. He named as defendants both the Tennessee Department of Correction and Doctor R. Crants, CCA's then chief executive officer. Both the Department and Mr. Crants moved to dismiss Mr. Horton's petition, but before the trial court could act on their motions, Mr. Horton moved for a default judgment against Mr. Crants. The trial court denied Mr. Horton's motion for default. It also dismissed Mr. Crants as a party and dismissed the portion of the petition challenging the first disciplinary proceeding involving the disrespect charge.

With regard to Mr. Horton's challenges to the being out of place charge, the trial court dismissed all his claims except for the claim that he had been prevented from presenting his witnesses at the hearing. On that issue, the trial court directed the Department to "submit any necessary documents or affidavits for the court to consider." The Department submitted an affidavit from the chairman of the disciplinary board giving his version of why Mr. Horton was not allowed to present his desired witness. After Mr. Horton responded, the trial court, treating the Department's motion as one for summary judgment, dismissed Mr. Horton's witness claim on the ground that the disciplinary board had acted within its discretion. This pro se appeal followed.

---

[1]Mr. Horton's conviction was subsequently affirmed on appeal. *See State v. Horton*, No. 01C01-9312-CR-00435, 1994 WL 548750 (Tenn. Crim. App. Oct. 6, 1994) *perm. app. denied* (Tenn. Jan. 30, 1995).

[2]Under Department of Correction administrative policies and procedures, prison rule infractions fall into three classes: A, B, or C. Class C offenses are the least serious offenses. *See* Tenn. Dep't of Corr. Policy Index 502.05 (VI)(A) (2000).

[3]In his appellate brief, Mr. Horton claims that the second hearing resulted in him receiving a written warning; however, he provides no citation to the record to support that assertion. *See* Tenn. R. App. P. 27(g). The disciplinary report hearing summary in the record indicates that he only received a verbal warning.

## II.
### THE RECORD ON APPEAL

Before considering the substantive issues raised on this appeal, we note that this case is yet another occasion where we are being asked to review the trial court's denial of a petition for common-law writ of certiorari. As we have recently noted, we are troubled by a procedure in which trial courts dispose of petitions for common-law writ of certiorari when the parties have filed only portions of the record. *Livingston v. Tennessee Bd. of Paroles*, No. M1999-01138-COA-R3-CV, 2001 WL 747643, at *5 (Tenn. Ct. App. July 5, 2001) (No Tenn. R. App. P. 11 application filed). As we said in *Livingston*,

> [W]e have concerns about indiscriminate use of a procedure which involves filing portions of the administrative record for two reasons. First, there is the danger of confusion between the issue of whether the writ should be granted to compel filing of the record with the issue of whether relief should be granted based on the record and the petition. Second, the statutory procedures established for review of decisions of administrative boards and commissions do not appear to contemplate filing of only portions of the administrative record.

*Livingston v. Tennessee Bd. of Paroles*, 2001 WL 747643, at *7.

This problem, while bad enough in its own right, was compounded in this proceeding because the trial court directed the Department to "submit any necessary documents or affidavits for the court to consider" on only one of Mr. Horton's allegations. The trial court should have issued the writ of certiorari directing the Department to file the official record in both of the challenged proceedings. The end result of the procedure followed by the trial court is that we have before us only selected portions of the disciplinary board's record along with new materials prepared in response to the trial court's directions. This is no way to run a railroad. Nevertheless, to decide whether the trial court correctly dismissed Mr. Horton's petition, we will work with the record we have.

## III.
### THE STANDARD OF REVIEW

A common-law writ of certiorari is an extraordinary judicial remedy. *Robinson v. Traughber*, 13 S.W.3d 361, 364 (Tenn. Ct. App. 1999); *Fite v. State Bd. of Paroles*, 925 S.W.2d 543, 544 (Tenn. Ct. App. 1996). It is not available as a matter of right, *Boyce v. Williams*, 215 Tenn. 704, 713-14, 389 S.W.2d 272, 277 (1965); *Yokley v. State*, 632 S.W.2d 123, 127 (Tenn. Ct. App. 1981), but rather is addressed to the trial court's discretion. *Blackmon v. Tennessee Bd. of Paroles*, 29 S.W.3d 875, 878 (Tenn. Ct. App. 2000). Accordingly, decisions to grant or deny a common-law writ of certiorari are reviewed using the familiar "abuse of discretion" standard. *Robinson v. Traughber*, 13 S.W.3d at 364. Under this standard, a reviewing court should not reverse a trial court's discretionary decision unless it is based on a misapplication of controlling legal principles or a clearly erroneous assessment of the evidence, *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 709 (Tenn. Ct. App. 1999), or unless it affirmatively appears that the trial court's decision was against logic or reasoning, and caused an

injustice or injury to the complaining party. *Marcus v. Marcus*, 993 S.W.2d 596, 601 (Tenn. 1999); *Douglas v. Estate of Robertson*, 876 S.W.2d 95, 97 (Tenn. 1994).

The scope of review under a common-law writ of certiorari is extremely limited. Courts may not (1) inquire into the intrinsic correctness of the lower tribunal's decision, *Arnold v. Tennessee Bd. of Paroles*, 956 S.W.2d 478, 480 (Tenn. 1997); *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994), (2) reweigh the evidence, *Watts v. Civil Serv. Bd.*, 606 S.W.2d 274, 277 (Tenn. 1980); *Hoover, Inc. v. Metropolitan Bd. of Zoning Appeals*, 924 S.W.2d 900, 904 (Tenn. Ct. App. 1996), or (3) substitute their judgment for that of the lower tribunal. *421 Corp. v. Metropolitan Gov't*, 36 S.W.3d 469, 474 (Tenn. Ct. App. 2000). Rather, the writ permits the courts to examine the lower tribunal's decision to determine whether the tribunal exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily. *Turner v. Tennessee Bd. of Paroles*, 993 S.W.2d 78, 80 (Tenn. Ct. App. 1999); *Daniels v. Traughber*, 984 S.W.2d 918, 924 (Tenn. Ct. App. 1998).

# IV.
## THE CLAIMS AGAINST MR. CRANTS

Beyond his substantive challenges to the disciplinary proceedings, Mr. Horton takes issue with the trial court's denial of his motion for default judgment against Mr. Crants and its decision to dismiss Mr. Crants as an improper party to the suit. We need not tarry long with these procedural matters.

## A.

Default judgments are not favored by the courts. *Coin Automatic Co. v. Estate of Dixon*, 213 Tenn. 311, 321, 375 S.W.2d 858, 862 (1963); *Nelson v. Simpson*, 826 S.W.2d 483, 485-86 (Tenn. Ct. App. 1991). Aside from instances when default judgments are available as a sanction, default judgments are only appropriate when a defendant fails to plead or otherwise defend against the suit as provided in the rules of procedure. Tenn. R. Civ. P. 55.01. While a defendant may always answer a complaint, a defendant may also defend against a suit by seeking to have a complaint dismissed on one or more of the grounds set out in Tenn. R. Civ. P. 12.02. A defendant raising defenses listed in Rule 12.02 may do so by filing a motion prior to answering the complaint. Filing a proper motion to dismiss constitutes "otherwise defend[ing]" against a lawsuit as contemplated in Rule 55.01, making a default judgment improper. *Rudnicki v. Sullivan*, 189 F. Supp. 714, 715 (D. Mass. 1960); *Howse v. Johnson*, No. M1998-00513-COA-R3-CV, 2000 WL 758469, at *3 (Tenn. Ct. App. June 13, 2000) (No Tenn. R. App. P. 11 application filed).

In this case, Mr. Crants filed a motion to dismiss Mr. Horton's complaint for failure to state a claim for which relief can be granted. That motion was on file and pending when Mr. Horton moved for a default judgment. Because Mr. Crants had appeared and interposed a recognized defense to the complaint by the time Mr. Horton sought a default judgment, the trial court correctly denied Mr. Horton's motion.

**B.**

Mr. Horton also insists that Mr. Crants is a proper party to this proceeding. He asserts that Mr. Crants and CCA played an unlawful role in disciplining him by conducting "a Kangaroo type court process . . . [and] then, upon completion of said performance send the results to the [Department], who then rubber stamp[s] the actions of the CCA staff . . .." However, Mr. Crants does not become a necessary party simply because CCA employees conducted the disciplinary proceeding.

The proper parties to a lawsuit are those who have legal or equitable rights in the subject of the litigation. *Steele v. Satterfield*, 148 Tenn. 649, 654, 257 S.W. 413, 414 (1923); William H. Inman, *Gibson's Suits in Chancery* § 51 (7th ed. 1988) ("*Gibson's Suits in Chancery*").[4] To be a proper party, a person should be so connected with the dispute as to be under an enforceable obligation to the plaintiff or should have some right or position with regard to the subject of the litigation that would entitle him to defend against any judgment the court may give. *Gibson's Suits in Chancery* § 53. A person is not a proper party if he or she has no interest at stake in the lawsuit and cannot be affected by any decision. At the motion to dismiss stage, decisions regarding who is a proper party must be determined from the allegations of the complaint. *Goss v. Hutchins*, 751 S.W.2d 821, 824-25 (Tenn. 1988).

The basic procedural framework governing petitions for a common-law writ of certiorari is set out in Tenn. Code Ann. § 27-9-101, -114 (2000). *Fentress County Beer Bd. v. Cravens*, 209 Tenn. 679, 685-86, 356 S.W.2d 260, 263 (1962); *Levy v. Board of Zoning Appeals*, No. M1999-00126-COA-R3-CV, 2001 WL 1141351, at *4 (Tenn. Ct. App. Sept. 27, 2001) (No Tenn. R. App. P. 11 application filed). Tenn. Code Ann. § 27-9-104 specifically deals with the proper parties defendant in these proceedings. It provides that the petitioner "shall name as defendants the particular board . . . and such other parties of record, if such, as were involved in the hearing before the board or commission, and who do not join as petitioners." In addition to the board itself, the proper parties to a certiorari proceeding are the individuals or entitles who were parties to the dispute at the board level. *Levy v. Board of Zoning Appeals*, 2001 WL 1141351 at *5.

In this case, Mr. Crants was not personally involved in either of Mr. Horton's disciplinary hearings. He has no personal rights at stake in the claims made by Mr. Horton concerning those hearings. His only connection to this case is that he is chief executive officer of the private corporation that manages the South Central Correctional Center. That does not make him a proper party to Mr. Horton's petition. It is well-settled that no CCA employee has freestanding power to take disciplinary actions against state prisoners. The discipline of prisoners is a non-delegable duty of the State. Tenn. Code Ann. § 41-24-110 (1997). Though the prison disciplinary board at South Central Correctional Center is comprised of CCA employees, those individuals only recommend punishment. Actual discipline is not imposed until a representative of the Department reviews and

---

[4] A proper party is not necessarily a necessary or indispensable party for the purposes of Tenn. R. Civ. P. 19.01. A person becomes a necessary or indispensable party only if he or she will be directly affected by the decree and whose interest is not represented by any other party to the litigation. *Gilley v. Jernigan*, 597 S.W.2d 313, 318 (Tenn. Ct. App. 1979).

approves the board's recommendation. *Mandela v. Campbell* 978 S.W.2d 531, 533 (Tenn. 1998). As we have recently held, it follows from this arrangement that a petition for certiorari directed at one or more CCA employees over a matter of prison discipline fails to state a claim for relief. The proper party defendant in such cases is the Department, as the responsible governmental agency. *Wilson v. South Cent. Corr. Facility Disciplinary Bd.*, No. M2000-00303-COA-RM-CV, 2000 WL 1425228, at *6 (Tenn. Ct. App. Sept. 28, 2000) (No Tenn. R. App. P. 11 application filed); *Turner v. Campbell*, 15 S.W.3d 466, 468 (Tenn. Ct. App. 1999). For this reason we find that the chancery court did not err in dismissing Mr. Horton's complaint against Mr. Crants.

## V.
### THE DISCIPLINARY PROCEEDINGS

Mr. Horton takes issue with three aspects of the disciplinary proceedings. With regard to the hearing on the disrespect charge, he complains that the disciplinary board convicted him without requiring the reporting officer to appear and testify. With regard to the hearing on the charge of being out of place, he asserts that the disciplinary board acted arbitrarily and illegally by refusing to permit him to call a staff member as a witness. Finally, with regard to both hearings, he claims that the proceedings were defective because the "Commissioner's Designee" did not approve the disciplinary board's recommended discipline.

### A.
### Mr. Horton's Inability to Call a Witness

Prisoners do not have an unqualified right to call witnesses at disciplinary hearings. They should be allowed to call witnesses and present documentary evidence in their defense but only as long as doing so will not be unduly hazardous to either institutional safety or other valid correctional goals. Accordingly, prison officials may, in their discretion, control a prisoner's right to call witnesses to assure that the prisoner does not threaten institutional safety or undermine institutional goals. *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S. Ct. 2963, 2979-80 (1974); *Davis v. Campbell*, No. 01A01-9712-CH-00755, 1998 WL 812533, at *3 (Tenn. Ct. App. Nov. 25, 1998) (No Tenn. R. App. P. 11 application filed).

The Department's Uniform Disciplinary Procedures balance a prisoner's interest in presenting witnesses in his defense and the institution's interest in maintaining discipline and order. Prisoners may present the testimony of relevant witnesses unless requiring the witness to appear will pose a threat to institutional order. Tenn. Dep't Corr. Policy No. 9502.01(VI)(D)(3)(c)(6) (1995). However, prisoners desiring to call another prisoner or a member of the prison staff as a witness must complete an "inmate witness request" form and submit it to the chairperson of the disciplinary board at least twenty-four hours prior to the hearing. Tenn. Dep't Corr. Policy No. 9502.01(VI)(D)(3) (d)(1). The board chair may excuse a prisoner's failure to comply with this rule after taking into consideration the nature of the proposed witness's testimony and the difficulty to obtain the witness's presence at the hearing. Tenn. Dep't Corr. Policy No. 9502.01(VI)(D)(3)(d)(2). Prisoners who are not permitted to call a particular witness may present the witness's written statement instead. Tenn. Dept. Corr. Policy No. 9502.01(VI)(D)(3)(d)(3).

Mr. Horton announced on the day of the hearing on his being out of place charge that he desired to call Don Howard, a correctional counselor, as a witness. The chairperson of the disciplinary board denied Mr. Horton's request because he had not submitted the required "inmate witness request" form. Mr. Horton does not deny that he failed to submit the required form. The chairperson was acting within his discretion when he declined to permit Mr. Horton to call Mr. Howard as a witness, and this court need not grant relief to persons who are responsible for the error they are complaining about on appeal. Tenn. R. App. P. 36(a).[5]

## B.
## Failure of the Reporting Officer to Testify

Mr. Horton also insists that the disciplinary board acted illegally by convicting him on the disrespect charge without requiring the reporting officer to appear and testify. The Department's Uniform Disciplinary Procedures require the reporting officer who witnessed the infraction to testify at the disciplinary hearing "unless this requirement is waived by the inmate in writing" and provide that, by waiving the reporting officer's presence, the prisoner agrees "to have the officer's statements in the disciplinary report accepted by the board as testimony." Tenn. Dep't Corr. Policy No. 9201(V)(D)(3)(c)(4).

The carbon copy of the report of the disciplinary proceedings involving Mr. Horton's disrespect charge contains his signed waiver of his right to have the reporting officer present. Because he effectively waived this right during the disciplinary proceeding, he cannot take issue on appeal with the failure of the reporting officer to testify. Tenn. R. App. P. 36(a). Based on the documents attached to Mr. Horton's complaint, the trial court properly dismissed the portion of his petition for common-law writ of certiorari predicated on the reporting officer's failure to testify.

## C.
## Review and Approval by the Commissioner's Designee

The employees of privately operated prisons, such as the South Central Correctional Center, do not have the authority to discipline prisoners. Tenn. Code Ann. § 41-24-110(5). This authority is, as a matter of law, reserved to the Commissioner and cannot be delegated. Accordingly, with regard to disciplinary proceedings involving Class C disciplinary offenses, the Uniform Disciplinary Procedures require the chairperson of a disciplinary board consisting of employees of a private contractor to forward the board's proposed punishment, unless the punishment is simply a "verbal warning," to the commissioner's designee prior to the imposition of punishment. Tenn. Dep't Corr. Policy No. 9502.01(VI)(D)(2) (1995). Accordingly, the board's proposed punishment is simply a

---

[5]Mr. Horton asserts that Mr. Howard would have testified "that petitioner's walk-c [sic] was in the commissary line and [that he] seen the petitioner in the commissary line and . . . issued the petitioner his commissary at the time of the alleged offense." We do not see how this testimony could have helped exonerate Mr. Horton. If anything, it appears to corroborate the charging officer's report, that Mr. Horton got into the commissary queue before the evening count of inmates had been completed. It was unquestionably within the chairperson's discretion to refuse to bring in a witness whose testimony would have added nothing to Mr. Horton's case. *Cf. Perry v. Campbell*, No. M1998-00943-COA-R3-CV, 2001 WL 46988, at *3 (Tenn. Ct. App. Jan. 22, 2001) (No Tenn. R. App. P. 11 application filed) (holding that the disciplinary board chair did not abuse his discretion by refusing to allow an inmate to call a witness whose testimony would have been cumulative).

recommendation, and the final approval of a disciplinary action rests solely with the commissioner's designee. *Mandela v. Campbell*, 978 S.W.2d at 533.

After the trial court decided this case, we addressed the consequences of a disciplinary board's failure to obtain the approval of the commissioner's designee before imposing discipline. The Department argued, just as it does here, that compliance with Tenn. Dep't Corr. Policy No. 9502.01(VI)(D)(2) was unnecessary in circumstances where the prisoner had appealed the discipline to the assistant commissioner and ultimately to the commissioner. We disagreed and held that the Department could not sidestep the plain requirements of its own Uniform Disciplinary Procedures by relying on prisoner-initiated appeals to avoid Tenn. Code Ann. § 41-24-110(5)'s plain prohibition. *Pigg v. Casteel*, No. 01A01-9807-CH-00384, 1999 WL 166499, at *4 (Tenn. Ct. App. Mar. 29, 1999) (No Tenn. R. App. P. 11 application filed).

As far as the appellate record shows, Mr. Horton received only an oral warning as his punishment for being out of place. Because Tenn. Dep't Policy No. 9502.01(VI)(D)(2) does not require approval of the commissioner's designee prior to the imposition of an oral warning, the disciplinary board could issue an oral warning to Mr. Horton without any involvement by the commissioner's designee. Accordingly, the trial court properly dismissed the portion of Mr. Horton's petition challenging the procedures related to his being out of place charge for failure to state a claim upon which relief can be granted.

The punishment Mr. Horton received for the disrespect charge was more severe than an oral warning. Accordingly, the disciplinary board was required to obtain the approval of the commissioner's designee before imposing it. The appellate record contains no indication that the disciplinary board complied with Tenn. Dep't Policy No. 9502.01(VI)(D)(2) with regard to Mr. Horton's disrespect charge. Therefore, following *Pigg v. Casteel*, we find that Mr. Horton has stated a claim upon which relief can be granted with regard to the disrespect charge.[6]

## VI.

We affirm the trial court's decision to dismiss the portions of Mr. Horton's petition for writ of common-law certiorari challenging his conviction for being out of place. However, we vacate the dismissal of the portion of Mr. Horton's petition relating to his disrespect conviction and remand the case to the trial court for further proceedings consistent with this opinion. We tax the costs of this appeal to the State of Tennessee.

_____
WILLIAM C. KOCH, JR., JUDGE

---

[6] It may very well be that the full record of the proceedings regarding this disciplinary infraction would reveal that the commissioner's designee in fact approved the punishment prior to its imposition. However, the Department elected not to file the complete record of the proceeding. As an appellate court, we must base our decision only on the contents of the appellate record.